Shepherd, Appellant, *v.* General Telephone & Electronics Corporation.

Argued October 10, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

reargument refused May 29, 1963.

*William F. Illig,* with him *Gifford, Graham, Mac-Donald & Illig,* for appellant.

*Theodore F. Brophy,* of the New York Bar, with him *John W. English, John A. Bowler,* and *English, Gilson, Bowler, Shamp and Levin,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, April 26, 1963:

Appellant, Lewis F. Shepherd, appeals from entry of judgment on the pleadings for appellee, General Telephone & Electronics Corporation. The pleadings consist of complaint, answer and new matter, plaintiff's reply to new matter, amendment to complaint and amendment to answer.

Appellant instituted this action of assumpsit by foreign attachment against appellee, General Telephone & Electronics Corporation, and named General Telephone Company of Pennsylvania, a wholly owned subsidiary of appellee, as garnishee. By stipulation, the foreign attachment proceedings were discontinued and the action proceeded in assumpsit against appellee. Appellant seeks to recover damages from appellee by reason of its refusal to permit appellant to exercise certain stock option rights.

Appellant, on May 3, 1960, announced, at an employees' service banquet, his intention to retire at the end of 1960. He was at the time, and had been for many years prior, the president of General Telephone Company of Pennsylvania. This announcement precipitated a series of events which resulted in the appellant submitting his resignation as president and di-

rector of General Telephone Company effective as of July 1, 1960. He also requested his pension to begin as of that date. Appellant's employment was continued until August 1, 1960, although the effective date of resignation as president and director remained as July 1, 1960. The extension of employment enabled the appellant to take advantage of a more favorable retirement plan and to exercise certain stock options under a restricted stock option agreement with appellee. Within two months after termination of appellant's employment, he sought to exercise additional stock options under the restricted stock option agreement of July 8, 1958; the appellant's contention being that he was entitled to exercise the stock option by the terms of the agreement.

The pertinent provisions of the restricted stock option agreement between Shepherd and appellee, dated July 8, 1958, provide in part: "4. This option may be exercised as to 25% of the total number of shares subject hereto at the expiration of two years from the date hereof, and as to an additional 25% of such total number of shares at the expiration of each of the fourth, sixth and eighth years from the date hereof. If, however, the Employee retires at or after his normal retirement age pursuant to a retirement plan of General or a subsidiary subsequent to the expiration of two years from the date hereof and prior to the expiration of eight years from the date hereof this option may be exercised as to all of the shares subject thereto as to which it is then unexercised. . . .

"6. Any unexercised portion of this option shall terminate upon Employee's ceasing to be employed by General or a subsidiary unless Employee's employment ceases by the action of General or a subsidiary or by reason of Employee's incapacity or death or retirement at or after his normal retirement age pursuant to a retirement plan of General or of a subsidiary, . . .".

At the time of Shepherd's retirement on August 1, 1960, he was 56 years of age and had completed 35 years and 11 months of service. His contention is that (1) he is entitled to exercise the option of the remaining 75% of the total number of shares under the agreement, under section 4, since his retirement was at his normal retirement age, pursuant to a retirement plan and (2) his employment ceased by reason of the action of General Telephone & Electronics Corporation, appellee.

The scope of our review is restricted to the matter of whether judgment on the pleadings was proper. Judgment should be entered only when the case for determination is clear and free from doubt. *Dutch Pantry, Inc. v. Shaffer,* 396 Pa. 102, 151 A. 2d 621 (1959).

Appellant averred in count one of his complaint that his retirement was at his normal retirement age under the "plan for employees' pensions and disability benefits" of General Telephone Company of Pennsylvania. This allegation is denied in the appellee's answer. Normal retirement age is not defined in the plan for employees' pension and disability benefits nor is it defined in the restricted stock option agreement of appellee, the parent corporation of General Telephone Company of Pennsylvania. It does appear in the pleadings and exhibits thereto attached that the appellant retired under provision 4(1)(c) of the plan for employees' pensions and disability benefits which provides as follows: "(c) Any male employee who has reached the age of fifty-five and whose term of employment has been twenty-five or more years, or any female employee who has reached the age of fifty and whose term of employment has been twenty-five or more years, *may, at the discretion of the Committee and with the approval of the President or of a Vice President designated by the President,* be retired from

active service and granted a pension, which pension is also designated a 'service pension'." (Emphasis supplied).

The appellant qualified under the foregoing section and the plan received the approval of the proper officers provided in the section and he was granted a pension designated a service pension. Section 4(1)(a) provides: "All employees who have reached the age of sixty-five years must be retired from active service at the end of the month in which such age is reached and all employees whose term of employment has been twenty or more years become eligible to pensions upon such retirement, which pensions are designated 'service pensions'."

The plan in other provisions provides for retirement at varying ages and service periods upon application and permission given by the appropriate officers. Upon reaching 65 years of age the employee must retire, while under other provisions of retirement it may be granted at the discretion of the designated officers under the plan. The appellant maintains that his retirement is a retirement that he had attained under his normal retirement age, while the appellee contends that the normal retirement age is 65 years of age provided for in section 4(1)(a) and which is compulsory upon attaining that age.

Appellant contends that since "normal retirement age" is not defined in any of the instruments, that is under the pension plan or the restricted stock option agreement, the meaning of the words in the instruments is obscure, doubtful or ambiguous and therefore parol evidence must be admitted to explain the ambiguity or clarify the obscurity, quoting for the proposition *Barium Steel Corporation v. Wiley,* 379 Pa. 38, 108 A. 2d 336 (1954).

We believe, however, that under the instruments normal retirement age is 65 years and this is particu-

larly so since any other retirement is at the discretion of the officers of the retirement plan.

The restricted stock option agreement, under which provisions the appellant is seeking to recover, has this provision in the preamble: "General desires, by affording Employee an opportunity to purchase shares of its common stock, *to provide Employee with an added incentive to continue his services to General or one of its subsidiaries* and to obligate himself so to do, for at least two years, and to encourage Employee to own shares of stock in General." (Emphasis supplied).

When the foregoing provision, as set forth in the preamble, and the other provisions of the restricted stock option agreement are considered with the provisions of the retirement plan it is clear that the normal retirement age contemplated is age 65. If this were otherwise an employee, by his early retirement, could secure benefits under the restricted stock option agreement which he could not otherwise have and the purpose of the restricted stock option agreement would be defeated. It is clear that the purpose of the provisions of the stock option agreement is to give an inducement to an employee to continue in the employment of the subsidiary company of the defendant until age 65, instead of making application for an earlier retirement.

The lower court, in granting judgment on the pleadings for defendant-appellee, did not specifically consider this matter of retirement under count II of appellant's complaint, but did consider the allegation in appellant's complaint under I, which the court found to be determinative of this action, and, therefore, did not consider the allegation of count II of the complaint. Ordinarily we would not consider the question of retirement resulting from the action of appellee, but as the matter is here before us on count I of the complaint we will dispose of it rather than send it back to the lower court, since the question presented is ex-

clusively one of law under an interpretation of the agreements.

The question presented under count I of the complaint involves the exercise of the option of the remaining 75% of the stock under the restricted stock option agreement. When the appellant's retirement was extended from July 1, 1960 to August 1, 1960, it enabled him to exercise the first option right of 25% of the stock covered by the agreement, which option right accrued two years after the execution of the agreement.

In count II, it is the contention of the appellant that employment ceased by reason of the action of General, the appellee, and therefore, under section 6 of the agreement, he is entitled to exercise the remaining option right of the 75% of the total number of shares provided for in the agreement. The pleadings clearly reveal that the appellant intended to retire at the end of 1960, but by reason of his announcement of this fact in May, without at the same time naming his successor president of General Telephone Company of Pennsylvania, a situation was created which was not conducive to the best interest of the organization. The appellant was asked to submit his resignation as president and director of General Telephone Company of Pennsylvania, which he did, although it was contrary to his original stated intention, nevertheless it was voluntary and, therefore, not by the action of General, the appellee. Since appellant's employment ceased more than two years, but less than four years from the date of the agreement and he had exercised the option as to 25% of the shares covered by the agreement he is not entitled to exercise any additional right under the agreement.

The purpose of the stock option agreement, we repeat, was to give an inducement to the employee to continue his employment when the right would accrue every two years to exercise 25% of the total option

up to the time of retirement at age 65, when he might exercise any unexercised percentage under the agreement, with certain limitations beyond the time of retirement at age 65 years.

The questions here involved being strictly questions of law and there being no dispute of fact to be submitted for determination, the entry of judgment on the pleadings was proper.

Judgment affirmed.