## Lederer v. Steskal

*Michael R. Beebe*, for plaintiff.
*Alan Dion*, for defendant.

BECKERT, *J.*, October 9, 1974—This action arises out of an automobile accident on April 19,

1969, involving vehicles operated by John B. Curry and Christopher J. Steskal. Suit was instituted by John B. Curry, individually, and by William J. Lederer, Administrator of the Estate of Josephine Curry, deceased. Decedent was a passenger in the Curry vehicle and her death allegedly resulted from injuries sustained in that accident. Defendants, Christopher J. Steskal and Robert M. Steskal (owner of the vehicle operated at the time of the accident by Christopher J. Steskal), have joined as additional defendants the said John B. Curry and one Walter Jones (the latter's name will not again appear in this opinion inasmuch as the issues to be determined in no way concern him).

On August 28, 1974, defendants, Steskal, filed a motion for judgment on the pleadings. The title of defendants Steskal's motion is somewhat misleading, and in order that we resolve all questions, we will treat their request to be for judgment in their favor on all claims against them by William Lederer and John B. Curry.

As the basis for their motion, defendants Steskal refer to a prior trespass action instituted in this court by Christopher J. Steskal, a minor, by Robert M. Steskal, his guardian, against John B. Curry, May term 1969, no. 1775. That action resulted in a jury verdict in favor of Christopher J. Steskal and against John B. Curry, and judgment was entered accordingly. In the instant case, defendants Steskal contend that the doctrines of res judicata and collateral estoppel preclude judgment in favor of plaintiffs, since there has already been a conclusive and final determination of negligence on the part of John B. Curry and lack of contributory negligence on the part of Christopher Steskal in the aforementioned action.

Since John B. Curry has agreed that he is not entitled to any recovery, either on his individual claims or under the Wrongful Death Act as a survivor of decedent, the only issue remaining for us to resolve is whether the prior judicial determination of John B. Curry's negligence operates as a full and complete bar to recovery in this action by the personal representative of the Estate of Josephine Curry, for and on behalf of all statutory beneficiaries entitled to share in such recovery under the Wrongful Death Act. We believe that it does not.

The second count of plaintiff's complaint, in paragraph 8, states that the administrator of decedent's estate brings this action under the Act of April 26, 1855, P.L. 309, 12 P.S. §1602, commonly known as the Wrongful Death Act, and Rule 2202 of the Pennsylvania Rules of Civil Procedure. Thereunder, executors and administrators are given the right to sue for the benefit of certain persons standing in statutorily prescribed family relationship to the deceased. Paragraph 9 of the complaint lists those persons on whose behalf this action was brought, including the aforementioned John B. Curry and five other named individuals. There appears to be no dispute as to the accuracy of that paragraph.

Minkin v. Minkin, 336 Pa. 49 (1939), involved an action brought under the Wrongful Death Act on behalf of an eight-year-old minor, by his next friend, against his mother, to recover for the death of his father which allegedly resulted from the mother's negligent operation of an automobile. Our Supreme Court there ruled that if it could be proven that the father's death resulted from the mother's negligence, then she, in her own right, could take nothing from the suit, but the fact that she had thus

disabled herself from sharing would not deprive the other statutory beneficiary, the minor, of his right to recover. The verdict, if in favor of plaintiff, simply was to include nothing for the mother, because of her negligence.

The Minkin decision is consistent with the generally accepted proposition that the contributory negligence of one beneficiary under a death statute does not bar recovery for the benefit of any other beneficiary: Restatement 2d, Torts, §493 (1965). We have found no authority in this Commonwealth, nor has any been cited to our attention, holding that the negligence of one of the statutory beneficiaries of a decedent can be somehow imputed to other such beneficiaries so as to preclude any recovery by them.

Here, there is no allegation that the administrator of decedent's estate is under any disability to bring this suit, but, even if there were, we would feel compelled to arrive at the same result, since it has been held in McFadden v. May, 325 Pa. 145, 189 Atl. 483 (1937), that the right to sue is not dependent upon the right to share in the distribution of the sum recovered. There, the fact that a surviving spouse had deserted his wife prior to her death, thereby depriving himself of the right to share in the amount recoverable, he was, nevertheless, not disqualified from bringing an action for her wrongful death, even though on recovery and distribution he would only be entitled to nominal damages.

While we are well aware of the distinction between wrongful death and survival actions, in that the former is intended to recover damages for the benefit of those persons entitled thereto by law, while any recovery in the latter must be distributed

as a part of decedent's estate, we see no reason why we should not follow the decision enunciated in Schetter v. United States, 136 F. Supp. 931 (W. D. Pa., 1956), which involved an action brought under the Pennsylvania Survival Statute, Act of April 18, 1949, P.L. 512, 20 P.S. §§320.601, et seq., now Probate, Estates and Fiduciaries Code, Act of June 30, 1972, 20 Pa.C.S. §§3371, et seq. There, it was held that disabilities of beneficiaries of decedent's estate did not bar the administrator's actions, and where decedents' deaths resulted from the concurrent negligence of their heirs and other third persons, the negligence of the heirs was not a bar, even though recovery might ultimately inure to them.

The facts before us here are quite similar; it is not disputed that one of the heirs of Josephine Curry, namely, John B. Curry, is not entitled to share, either directly or indirectly, in any recovery of damages resulting from her death. However, in the present case, the estate of the deceased appears for the first time as a party; the interests of the estate and of decedent's heirs at law were in no way represented in the earlier litigation which defendants attempt to rely upon as a bar to recovery in this proceeding. There has been no judicial determination that decedent herself was negligent, and there is no indication that such a contention is being raised in this action. Absent such a determination, the doctrine of res judicata cannot apply, since it requires identity in the thing being sued for or of the cause of action, and identity of persons and parties, both of which are lacking here: Stevenson v. Silverman, 417 Pa. 187, 208 A. 2d 786, cert. den. 382 U.S. 833, 86 S. Ct. 76, 15 L. Ed. 2d 76 (1965); Makariw v. Rinard, 222 F. Supp. 336, 338 (1963), reversed on other grounds, 336 F. 2d 333 (1964).

Likewise, the doctrine of collateral estoppel appears to be inapplicable, in that its requirements are basically the same as those of res judicata, except that identity of causes of action is not necessary so long as the party against whom the doctrine would operate has had the opportunity to litigate, in a prior action, the particular issue in question. Id. Lawlor v. National Screen Service Corp., 349 U.S. 322, 75 S. Ct. 865, 99 L. Ed. 1122 (1955). Identity of parties remains a requirement and is lacking here. The law generally is that if one is to be concluded by a prior judgment, he must have been a party to the action or what is equivalent thereto, with a right to control the proceedings and take an appeal: Albert v. Lehigh Coal and Navigation Company, 431 Pa. 600, 613, 246 A. 2d 840 (1968).

The earlier case involving Christopher Steskal and John B. Curry was merely determinative of rights of recovery existent as between them. Whether Josephine Curry died possessed of a valid cause of action against defendants Steskal remains an open question ripe for judicial resolution.

On a motion for judgment on the pleadings, we may consider only the pleadings themselves: Zasloff v. Westinghouse Electric Co., Inc., 52 D. & C. 2d 550, 119 Pitts. L. J. 119 (1971). But, where a defendant relies upon the record of another proceeding, that record is incorporated as a part of his answer and, therefore, is not a matter outside of the pleadings: Goltz v. Lannigan, 18 Bucks 432 (1968). The nature and outcome of the earlier Steskal v. Curry action are apparently not in dispute here. Rather, plaintiffs deny only that the findings in that action operate as a conclusive bar to this proceeding. For reasons previously stated, we must agree.

We further note that defendants' motion for

judgment on the pleadings in its request for relief goes only to those portions of plaintiffs' complaint brought pursuant to the Wrongful Death Act, and does not request similar relief as to the remaining allegations founded upon the statute authorizing a survival action (cited in paragraph 13 of the complaint), and it is clear that we lack the power to enter judgment under Rule 1034(b) on our own motion: Paulish v. Bakaitis, 442 Pa. 434, 275 A. 2d 318 (1971). We do have considerable leeway to enter such judgment as we feel is proper under the circumstances: Smith v. Cassida, 23 D. & C. 2d 287 (1960). However, we are not willing to enter judgment as to one basis pleaded for relief (wrongful death action) but not as to the other (survival action), because to do so would unduly complicate the state of the record. Judgment should be entered on the pleadings for defendants only where the case for determination is clear and free from doubt: Shepherd v. General Telephone & Electronics Corporation, 411 Pa. 49, 190 A. 2d 895 (1963). Inasmuch as a request for judgment on the pleadings is in effect a demurrer, we are duty-bound to make a determination based upon our consideration of the complaint in its entirety: Ray Klump, Inc. v. Borough of Ephrata, 18 D. & C. 2d 61 (1958). Looking at the several bases for relief pleaded here in plaintiffs' complaint and at the limited scope of defendants' motion, we must, therefore, deny the latter.

In accordance with this opinion, we enter the following

## ORDER

And now, October 9, 1974, the motion for judgment on the pleadings of defendants, Christopher Steskal and Robert M. Steskal, is:

(1) Granted as to plaintiff, John B. Curry, individually.

(2) Granted as to John B. Curry as one of the statutory beneficiaries entitled to share under the Wrongful Death Act.

(3) Denied and refused as to the remaining plaintiff, William J. Lederer, Administrator of the Estate of Josephine Curry, Deceased.