445 A.2d 788

Dolores Y. ADAMS, Polly Feidler and Sally Bojarski, Appellants,

v.

Adeline EULIANO.

Superior Court of Pennsylvania.

Argued Feb. 8, 1982.

Filed May 14, 1982.

Richard T. Ruth, Erie, for appellants.

Dennis V. Williams, Erie, for appellee.

Before BROSKY, CIRILLO and POPOVICH, JJ.

BROSKY, Judge:

Appellants, Adams, Feidler and Bojarski, appeal from the order of the trial court denying their motion to take off a compulsory nonsuit. We reverse and remand for trial.

In *PeAir v. Home Ass'n of Enola Legion No. 751*, 287 Pa.Super. 400, 403–404, 430 A.2d 665, 666–667 (1981), we said:

> A nonsuit should be entered only in a clear case. *McMillan v. Mountain Laurel Racing Inc.*, 240 Pa.Super. 248, 367 A.2d 1106 (1976); *DiGiannantonio v. Pittsburgh R. Co.*, 402 Pa. 27, 166 A.2d 28 (1960); *Dunmore v. McMillan*, 396 Pa. 472, 152 A.2d 708 (1959). In describing how clear the case must be, it has been said that a nonsuit can be entered

only when it is inconceivable, on any reasonable hypothesis, that a mind desiring solely to reach a just and proper conclusion in accordance with the relevant governing principles of law, after viewing the evidence in the light most advantageous to the plaintiff, could determine in his favor the controlling issues involved. *Borisoff v. Penn Fruit Company, Inc.*, 165 Pa.Super. 572, 574, 69 A.2d 167 (1949).

Also, it has been said that a nonsuit should be entered only where the facts and circumstances lead unerringly to the conclusion that the plaintiff has failed to prove his case. *Korpa v. Stuyvestant Life Ins. Co.*, 236 Pa.Super. 581, 351 A.2d 682 (1975).

When so viewed, the evidence is as follows:

On January 27, 1979, appellant, Dolores Adams, visited appellee, Adeline Euliano's house with a possible aim of purchasing it.[1] A tour of the building disclosed, upon inspection, several holes in floors. Euliano explained to Adams that the holes were in one situation caused by a leaking garbage disposal or water leaks, and in another circumstance was caused by faulty wiring. A real estate appraiser who detected some of the holes was told that they were caused by a dishwasher which overflowed. Appellants purchased the house and one month after moving in they discovered, when they engaged a repairman to fix the holes in the floor, that the house was infested with termites. An exterminator was then employed to inspect the house for termites. He determined the house was infested. He stated also that in his opinion an untrained person would not have been able to determine that there was a termite problem.

Adams claimed, below, that Euliano fraudulently misrepresented to her the condition of her house. Our courts have consistently held that a false representation is fraudulent only when by clear and convincing evidence it is demonstrated that the representation was made knowingly with the intent to deceive or in reckless disregard for the truth or

1. Adams, Feidler and Bojarski are in the business of owning and managing real estate. They own six residential properties.

falsity of the matter. *Frowen v. Blank*, 493 Pa. 137, 425 A.2d 412 (1981); *Brentwater Homes, Inc. v. Weibly*, 471 Pa. 17, 369 A.2d 1172 (1977); *Thomas v. Seaman*, 451 Pa. 347, 304 A.2d 134 (1973); *Bachman v. Artinger*, 285 Pa.Super. 57, 426 A.2d 702 (1981); *Glanski v. Ervine*, 269 Pa.Super. 182, 409 A.2d 425 (1979); *Baker v. Rangos*, 229 Pa.Super. 333, 324 A.2d 498 (1974); *Shane v. Hoffmann*, 227 Pa.Super. 176, 324 A.2d 532 (1974). The lower court granted the compulsory nonsuit because it held that the appellants had failed to establish the requisite scienter to prove that a fraudulent misrepresentation had occurred.

■ The appellants submitted the following evidence, which the record supports, to the trial court concerning Euliano's intent to deceive. First, after the appellants purchased the house and discovered the termites, they confronted Euliano about the condition of the house. Euliano stated that she had seen tunnels in the walls at one time and had sprayed and put out mothballs to correct the condition. Second, Euliano supplied varying descriptions about the origins of the holes at different times and to different people. Third, that the real estate appraiser who looked at the house noted the basement was, to the extent he saw it, very clean. Adams testified that she noted the tidiness of the cellar, however, after closing, she discovered a broom handle in the basement which was infested with termites. Appellants argue this evidence, when viewed most favorably to them, demonstrates knowledge of the termite condition and an intent to deceive. We are unable, under these circumstances, to hold that the appellants had so failed in proving their case that the facts and circumstances unerringly lead to a conclusion in favor of Euliano. Thus, the trial court erred in denying appellants' motion to take off the compulsory nonsuit as to fraudulent misrepresentation.

Appellants argue alternatively that sellers of real estate in Pennsylvania are not free to make innocent misrepresentations to buyers of real estate where the seller is under a duty to know the condition of his house. Thus, it would follow that the trial court should have determined whether

such a duty existed herein. The lower court held that no such duty can potentially exist under Pennsylvania law.

 In *Glanski v. Ervine,* supra, we held that a seller was liable for failing to disclose a termite infestation of which he had knowledge. That case involved a real estate broker who materially misrepresented facts and was held liable. The seller of the house claimed that any misrepresentation he made was entirely innocent. In holding that the seller was responsible for damages arising out of his failure to disclose, we said:

> There was also sufficient evidence to support the verdict against appellant Graff. The credibility of his statements that he did not know about the termites was for the jury to decide, especially given Ervine's statement that he had told Graff about them. See *Highmont Music Corp. v. J. M. Hoffman Co.* [397 Pa. 345, 155 A.2d 363], supra (proper jury inference); *Shane v. Hoffman* [227 Pa.Super. 176, 324 A.2d 532], supra (tenant's testimony that he had told owner of problems held sufficient to support finding that owner knew of problems. Furthermore, even if Graff's misrepresentation was innocent,
>
> [a] material misrepresentation may be found whether [seller] actually knew the truth or not, especially where, as here, it was bound to ascertain the truth before making the representation.
>
> *Highmont Music Corp. v. J.M. Hoffman Co.,* supra, at 397 Pa. at 350, 155 A.2d at 366.
>
> Accord, *Berger v. Pittsburgh Auto Equipment* [387 Pa. 61, 127 A.2d 334] supra. [footnote omitted]

Id., 269 Pa.Super. at 192, 409 A.2d at 430. Therefore, the lower court incorrectly held that no cause of action would lie if the seller was proven to be under a duty to know about a dangerous condition in the building and innocently failed to disclose information to which that duty applied,[2] especially when inquiry was made and a response was given by the owner.

**2.** The appellants also asked: "Did the trial court abuse its discretion in denying plaintiffs' [appellants herein] motion to reopen plaintiffs' case after closing to introduction additional evidence?" Appellants'

Accordingly, we reverse the order of the trial court and remand for a new trial.

CIRILLO, J., files a dissenting opinion.

CIRILLO, Judge, dissenting:

I respectfully dissent. Fraud, or the intent to defraud is never presumed, and must be proved by evidence that is clear, precise and convincing. *Snell v. Commonwealth, State Examining Board,* 490 Pa. 277, 416 A.2d 468 (1980). The appellants argue that the evidence demonstrates knowledge of the termite condition and intent to deceive. Yet, there is no indication by the evidence presented that the appellants did indeed establish the requisite scienter necessary to prove fraudulent misrepresentation on the part of the appellee.

The expert testimony of an exterminator who was hired by the appellants, revealed that only a specially trained person could detect the presence of termites in a house. A real estate appraiser, upon seeing the holes, was unable to determine that they were caused by termites. Even the appellants, who had dealt extensively in the real estate field, had no reason to suspect the presence of termites in the house. Therefore, to expect the appellee to have such knowledge would be beyond the boundaries of reasonableness as it would hold the appellee liable for knowledge she could not have.

The appellee explained upon inquiry that the floor damage had been caused by leakage from a garbage disposal, water leakage from a dishwasher and burns from faulty wiring. These explanations are plausible, they certainly seemed believable to the appellants and an independant real estate appraiser, and there is no evidence which supports the contention that the appellee did not believe these explanations to be correct.

Even if a misrepresentation is innocent, a material misrepresentation could be found where one is bound to ascertain the truth before making the representation. *Glanski v.*

brief, page 2. We find it unnecessary to address this issue having ordered a new trial.

*Ervine,* supra. In the case of *Highmont Music Corporation v. J. M. Hoffmann Company,* supra., the plaintiff stated, prior to leasing the building, that the storeroom must have a strong floor and the tenant had a limited amount of money to spend for any necessary improvements. The landlord represented that the floors were strong, that they would support any weight, and that the building was in excellant condition and would not need much money to improve it so that it could be used. The tenant subsequently discovered that the floors of the building were not capable of supporting any kind of business permitted under the City Code and that at some places the floor was not sufficiently safe even for persons to stand upon it. The Court held that the landlord had knowledge of these conditions and the tenant did not. The representation of conditions, which required no expertise to discover, were of material facts, were fraudulent, and were justifiably relied upon by the tenants.

In the present case, there is no evidence that the appellee ever knew the premises were infested with termites. The appellants never made any inquires as to the presence of termites on the property and testified that the various holes found on the premises were "no big deal" and really did not matter. Presumably, had the appellants asked if there were termites in the house or had stated that the deal was off if there were termites on the premises, then the appellee would have been bound to have the premises inspected to ascertain whether or not there was a termite problem. However, this is not the case.

In termite cases, for there to be fraudulent misrepresentation, a statement or representation must be made with the intention to deceive another, or there must be a failure to disclose a latent defect which was known to the seller, or there must be an intentional hiding of the defect by covering over the damage so that the purchaser cannot discover it. *See: Glanski v. Ervine,* supra; *Shane v. Hoffmann,* supra; *National Building Leasing, Inc. v. Byler,* 252 Pa.Super. 370, 381 A.2d 963 (1977). Any of the above are lacking in this case. To hold otherwise would bring about the total abandonment of the doctrine of Caveat Emptor and create

absolute liability in all cases of after-discovered termite damage.

The large number of termite exterminating companies in Pennsylvania is an indication of the high incidence of termite infestation in the Commonwealth. A buyer can protect himself by demanding from the seller a certificate from a reputable exterminating company that the premises are free from infestation. Such a provision is common today in agreements of sale.

Although the damage to the property was readily observable, none of the parties apparently even suspected that termites were on the property. To say that these circumstances create a duty to know that which cannot be reasonably determined, would be to say that a homeowner is required to know everything about his home and to say nothing when asked. Such a burden cannot be placed on the appellee in this case.

I respectfully dissent.