478 A.2d 1348

**George F. BROUSE and Beverly Z. Brouse, Appellants**

v.

**Lee R. HAUCK.**

**George F. BROUSE and Beverly Z. Brouse, Appellants**

v.

**Richard E. DITZLER and Dorothy E. Ditzler.**

Superior Court of Pennsylvania.

Submitted Jan. 20, 1984.

Filed July 13, 1984.

Joey A. Storaska, Sunbury, for appellants.

R. Michael Kaar, Milton, for appellees.

Before BROSKY, WIEAND and HESTER, JJ.

WIEAND, Judge:

George and Beverly Brouse brought actions against Lee R. Hauck and against Richard and Dorothy Ditzler to quiet title to one-half of the bed of a vacated township road. They contended that they had acquired title by adverse possession or, at least, that they had acquired an easement by prescription with respect thereto. After they had presented their evidence to the court, which heard the action nonjury, a compulsory nonsuit was entered. Thereafter, the court removed the nonsuit with respect to the Brouse claim of a prescriptive easement over the portion of the road abutting the land of Lee Hauck. In all other respects, the court refused to remove the nonsuit. The court's order is the subject of the present appeals.

In reviewing the propriety of a compulsory nonsuit, this Court will view the evidence in a light most favorable to the plaintiffs and give them the benefit of every reasonable inference arising therefrom. *Francioni v. Gibsonia Truck Corp.,* 472 Pa. 362, 371, 372 A.2d 736, 740 (1977); *Barney v. Foradas,* 305 Pa.Super. 404, 407, 451 A.2d 710, 712 (1982); *Adams v. Euliano,* 299 Pa.Super. 348, 349–350, 445 A.2d 788, 789 (1982). A nonsuit can only be entered in a clear case. *Barney v. Foradas, supra; Adams v. Euliano, supra; Peair v. Home Association of Enola Legion No. 751,* 287 Pa.Super. 400, 403–404, 430 A.2d 665, 666–667 (1981).

A portion of appellants' farm in Milton, Northumberland County, abutted the northern edge of a township road. The southern edge of the township road was abutted by lands of

appellant and also by lands of Hauck and Ditzler. When the township road was vacated in 1928, the center line of the former road became the common property line. The lands of the parties, with the disputed area shaded, appears from a sketch received in evidence as follows:

Brouse's predecessor in title was Charles J. Hauck,[1] who took title by conveyance in 1945. Charles Hauck used the entire bed of the vacated road regularly and continuous-

1. Charles J. Hauck and Lee Hauck are not related.

ly to reach the entrance to a barn situated at a point approximately opposite a line dividing the properties of Lee Hauck [1] and Mr. and Mrs. Ditzler. Charles Hauck also used this route when he wished to gain access to the fields north of the railroad right of way with his farm equipment. The whole of the vacated road was maintained by Charles Hauck, who kept it clear of snow; it was used also by the Hauck children to play and ride their bicycles. Following the death of Charles Hauck, his widow conveyed the farm in 1963 to Homer Brouse, the father of George Brouse. George Brouse acquired title in 1975. He testified that he and his father had continuously used the vacated township road for similar purposes until the present time. This evidence was sufficient, if believed, to show a prescriptive right to use the disputed southern half of the vacated road for right of way purposes. See: *Mather-Klock, Inc. v. Plymire*, 349 Pa. 194, 36 A.2d 802 (1944); *Minteer v. Wolfe*, 300 Pa.Super. 234, 446 A.2d 316 (1982). Therefore, the court correctly removed the nonsuit as to appellants' claim against Lee Hauck. The refusal to remove the nonsuit as to appellants' claim of title by adverse possession was also correct. The burden of proof was on the appellants. In *Reed v. Wolyniec*, 323 Pa.Super. 550, 471 A.2d 80 (1983), this Court said:

"[O]ne who claims title by adverse possession must prove that he had actual, continuous, exclusive, visible, notorious, distinct, and hostile possession of the land for twenty-one years. Each of these elements must exist, otherwise the possession will not confer title." *Inn Le'Daerda, Inc. v. Davis*, 241 Pa.Super. 150, 158, 159, 360 A.2d 209, 213 (1976). An adverse possessor "must intend to hold the land for himself, and that intention must be made manifest by his acts." *Kaminski Brothers, Inc. v. Grassi*, 237 Pa.Super. 478, 480, 352 A.2d 80, 81 (1975). He must "keep his flag flying and present a hostile front to all adverse pretensions." *Commonwealth v. Bierly*, 37 Pa.Super. 496, 504 (1908). Building a residence on land or cultivating it in a regular and continuous way may after 21 years result in ownership. *See The Susque-*

*hanna and Wyoming Valley RR and Coal Co. v. Quick*,
68 Pa. 189 (1871); *Cf. Ewing v. Dauphin County Tax
Claim Bureau*, 31 Pa.Cmwlth. 285, 375 A.2d 1373, 1375
(1977). However, as has been repeatedly said, "temporary acts on the land, . . . are not the actual possession
required." *Inn Le'Daerda v. Davis, supra*, 241 Pa.Super. at 159, 360 A.2d at 213 . . . .

It seems fair to summarize this case law as holding
that only acts signifying permanent occupation of the
land and done continuously for a twenty-one year period
will confer adverse possession.

*Id.*, 323 Pa.Super. at 557, 471 A.2d at 84, quoting *Smith v.
Peterman*, 263 Pa.Super. 155, 160–161, 397 A.2d 793, 796
(1978). Appellants' evidence was sufficient, if believed, to
show a prescriptive easement over that portion of the
vacated road bed which abutted the land owned by Lee
Hauck; the evidence was insufficient, however, to support a
claim of title by adverse possession.

The evidence showed that Charles Hauck had also used
the portion of the vacated road which abutted the Ditzler
land for right of way purposes. After 1963, when title had
been conveyed by Charles Hauck's surviving wife, Homer
Brouse and his family continued to use the vacated road
bed. However, the nature and quality of their use changed.
Homer Brouse erected a fence along the southern edge of
this part of the vacated road, and he and his son maintained
the land north of the fence as their own. They cut the
grass and used the land for the grazing of cattle and for the
storage of lumber, wire and other items. After 1977, when
the Ditzlers challenged appellants' continuing use of this
part of the road bed, appellants continued to exercise dominion over the bed of the vacated road until this action
was commenced.

■ We agree with the trial court that these facts were
insufficient to permit a finding of title by adverse possession. Appellants' exercise of dominion and exclusive possession of this portion of the road bed, if their evidence is
believed, continued only during the period from 1963 to

64

1977. This was of inadequate duration to permit a finding of title by adverse possession. See: *Inn Le'Daerda, Inc. v. Davis*, 241 Pa.Super. 150, 169–170, 360 A.2d 209, 218–219 (1976).

 The entry of a compulsory nonsuit against appellants' claim of an easement by prescription over this portion of the road bed, however, was error. Charles Hauck's use of this portion of the vacated township road for right of way purposes continued uninterrupted from 1945 to 1963. Thereafter, Homer Brouse took possession of and continued to use the road bed without interruption or challenge until 1977. For approximately 32 years, therefore, appellants and their predecessors in title have asserted a continuous and adverse interest in the southern one-half of the vacated bed of the township road. The accrual of a prescriptive right to use it would not be prevented merely because the Brouses increased the nature and quality of their use after 1963 so that they actually took complete possession of the road bed abutting the Ditzler land to the exclusion of others. For 18 years, Homer Brouse's predecessors had used the bed of the vacated road for right of way purposes. They did so adversely, hostilely, and without permission. Thereafter, Homer Brouse and his son continued to use it, but they went further and exercised exclusive and adverse possession of the vacated road for another fourteen years. A principal objective of the law concerning prescription is the protection of long established positions. Restatement Property (Introductory Note, Chap. 38, p. 2923) (1944). Therefore, although these facts were insufficient to establish ownership by adverse possession, they were sufficient, if believed, to establish a prescriptive right to use the vacated bed of the road for right of way purposes.

Whether appellants' use was permissive or otherwise lacked the element of being hostile, as appellees contend, cannot now be determined finally. This must await determination by the court after all the evidence has been presented. The entry of a compulsory nonsuit with respect to appellants' claim of a right by prescription was error.

The refusal to remove the compulsory nonsuit as to appellants' claim of an easement by prescription is reversed, and the case is remanded for proceedings consistent with the foregoing opinion. The refusal to remove the compulsory nonsuit entered as to appellants' claim of title by adverse possession is affirmed. Jurisdiction relinquished.