486 A.2d 491

**Arthur P. SCHLAGEL and Mabel Schlagel, Appellants,**

**v.**

**Julius M. LOMBARDI and Frances C. Lombardi.**

Superior Court of Pennsylvania.

Argued May 10, 1984.

Filed Dec. 19, 1984.

Michael C. Rainone, Philadelphia, appellants.

Joseph P. Phelps, Jr., Norristown, appellees.

Before WICKERSHAM, WIEAND and HOFFMAN, JJ.

WICKERSHAM, Judge:

Arthur and Mabel Schlagel brought this action against Julius and Frances Lombardi to quiet title to a specific parcel of land located in Montgomery County. The Schlagels contended that they had acquired title by adverse possession.

The original complaint was filed on April 18, 1974, to which appellees, the Lombardis, interposed preliminary objections. An amended complaint was filed on November 27, 1974, to which the appellees again interposed preliminary objections. By opinion and order dated January 28, 1980, two other separate lawsuits concerning the disputed land were consolidated with the instant suit in order to dispose of the entire controversy between the parties in one action. A second amended complaint was filed on February 29, 1980. Appellees then filed an answer and new matter.

The case proceeded to trial on April 29, 1981, before the Honorable Louis D. Stefan, sitting without a jury. At the conclusion of appellants' case, appellees moved for the entry of a non suit. The non suit was granted in a memorandum and order dated April 30, 1981. Appellants filed exceptions to the court's memorandum and order, which exceptions were argued before the court *en banc*. Appellants' exceptions were subsequently dismissed by order dated November 16, 1982. This appeal followed.

In reviewing the propriety of a compulsory nonsuit, this Court will view the evidence in a light most favorable to the plaintiffs and give them the benefit of every reasonable inference arising therefrom. *Francioni v. Gibsonia Truck Corp.*, 472 Pa. 362, 371, 372 A.2d 736, 740 (1977); *Barney v. Foradas*, 305 Pa.Super. 404, 407, 451 A.2d 710, 712 (1982); *Adams v. Euliano*, 299 Pa.Super. 348, 349–

350, 445 A.2d 788, 789 (1982). A nonsuit can only be entered in a clear case. *Barney v. Foradas, supra; Adams v. Euliano, supra; Peair v. Home Association of Enola Legion No. 751,* 287 Pa.Super. 400, 403–404, 430 A.2d 665, 666–667 (1981).

*Brouse v. Hauck,* 330 Pa.Super. 58, 62, 478 A.2d 1348, 1350 (1984).

■■■■ Instantly, appellants maintain that they took possession of and occupied the disputed tract commencing in 1940, when they purchased it for $200 in an oral agreement with Augustus Baumgart. The tract in question connects with a much larger parcel of land which appellants had previously purchased from Mr. Baumgart. In 1968, appellees purchased a parcel of land from the estate of Augustus Baumgart, which parcel included the disputed tract. In the early 1970's, a dispute arose between the parties concerning the ownership of the subject tract. In June, 1974, appellants recorded a declaration of title acquisition by virtue of adverse possession of the tract.

[O]ne who claims title by adverse possession must prove that he had actual, continuous, exclusive, visible, notorious, distinct, and hostile possession of the land for twenty-one years. Each of these elements must exist, otherwise the possession will not confer title. *Inn Le'Daerda, Inc. v. Davis,* 241 Pa.Super. 150, 158, 159, 360 A.2d 209, 213 (1976). An adverse possessor must intend to hold the land for himself, and that intention must be made manifest by his acts. *Kaminski Brothers, Inc. v. Grassi,* 237 Pa.Super. 478, 480, 352 A.2d 80, 81 (1975). He must keep his flag flying and present a hostile front to all adverse pretensions. *Commonwealth v. Bierly,* 37 Pa.Super. 496, 504 (1908).

*Reed v. Wolyniec,* 323 Pa.Super. 550, 555, 471 A.2d 80, 84 (1983), *quoting Smith v. Peterman,* 263 Pa.Super. 155, 397 A.2d 793 (1978) (quotations omitted).

Instantly, Arthur Schlagel, plaintiff below and appellant herein, testified that in 1940 he purchased approximately five and one-half acres of land from Augustus Baumgart.

Sometime later, Baumgart and Schlagel allegedly agreed to extend the back boundary line of this property in exchange for the payment of $200 by Mr. Schlagel. Mr. Schlagel further testified that within the next few years, the $200 was paid in full and that he then started to use the land as his own. Plaintiffs-appellants presented evidence that they planted fruit trees, mowed the grass, operated an archery range, and conducted other activities indicating ownership of the tract throughout the years since the early 1940s. In granting appellees' motion for non suit the lower court stated:

> With respect to his assertion that he has possession by adverse activity, or has adverse possession, although the time frame would be appropriate, the fact is that all of the testimony that I heard yesterday was to the effect that the property was not taken on an adverse basis; but, rather, that he and Mr. Baumgart went out to the pear tree, or adjacent to the pear tree, and there drove a stake for the purpose of extending the backline some ninety feet. And thereafter, and through the pleadings and through the testimony concerning his payments of the sum of two hundred dollars in installments—if I accept all of that, which I think I do on the motion for a non-suit, then we have Mr. Schlagel, whether through Art's Amusements, or whatever—but then I have no evidence at all to show that at any time there was an adverse or purported adverse holding until after such time as Mr. Lombardi came into title, which was not until the late 1960s, so, obviously, twenty-one years have not run since then.

Brief for Appellants at 23–24, Appendix "1." [1]

Thus, it appears that the lower court held that since Mr. Schlagel was under the impression that he had "purchased" the disputed tract from Mr. Baumgart, he did not hold the land "adversely" to Mr. Baumgart. We interpret this lan-

---

1. The lower court did not write a separate opinion in this case, but merely stated the reasons for the grant of the non suit on the record on April 30, 1981. *See* Memorandum and Order of Judge Stefan dated April 30, 1981.

guage to mean that the lower court felt that appellants' possession was not "hostile." In other words, since Mr. Schlagel was under the mistaken belief that he owned the land (mistaken because an oral agreement for the sale of land is not valid), he did not hold the land with a hostile intent to exclude Mr. Baumgart, the true owner. Because we feel that the lower court incorrectly interpreted the "hostile" intent element of adverse possession, we reverse and remand.

When considered as an element of adverse possession, "hostile" is a word of art. "While the word 'hostile' has been held not to mean ill will or hostility, it does imply the intent to hold title against the record title holder." *Vlachos v. Witherow*, 383 Pa. 174, 118 A.2d 174, 177 (1955). Possession may be hostile even though the claimant knows of no other claim. 1 P.L.E. Adverse Possession § 41, 433–34. The question in this case, then, is whether appellants intended to hold title against Baumgart. The fact that appellant was under the false impression that he owned the land does not automatically mean that his possession was not "hostile."

It is true that some jurisdictions 'hold that the possessor's mistaken belief in his ownership negatives the existence of a necessary hostile intent.... These jurisdictions identify hostility with the common-law tort of disseisin, i.e., forcible ouster. The theory is that one who does not know he is in possession of another's land cannot harbor the specific intent to oust the other out of his land.' Note, A Reevaluation of Adverse Possession as Applied in Boundary Dispute Litigation, Rutgers-Camden L.J. 293, 299 (1971). But most jurisdictions 'deem the animus of the possessor irrelevant. Rather, they look to the actual physical facts of the possession to determine if such circumstances of notoriety exist so that the true owner is put on notice. They represent a belief that the nature of the possession alone is what is important and that a sufficiently notorious possession will always be enough to alert the owner. Therefore, the hostility is implied if all

other elements have been established.' *Id.* at 298. *See also* Annot., 80 A.L.R.2d 1171 (1961).

Pennsylvania follows the majority view. *See, e.g., Dimura v. Williams,* 446 Pa. 316, 286 A.2d 370 (1972); *Adams v. Tamaqua Underwear Co.,* 105 Pa.Super. 339, 161 A. 416 (1932).

*Lyons v. Andrews,* 226 Pa.Super. 351, 351–60, 313 A.2d 313, 316–17 (1973). *See also Burns v. Mitchell,* 252 Pa.Super. 257, 381 A.2d 487 (1977).

Thus, even though the Schlagels, and perhaps Mr. Baumgart, were laboring under a mistake concerning the ownership of the tract, their possession could have been hostile. It was error for the lower court to deny appellants' adverse possession claim on the basis that their mistaken belief in their ownership negated the existence of the necessary hostile intent.

■ Since all of the elements of adverse possession must coalesce before title is conferred, *Conneaut Lake Park, Inc. v. Klingensmith,* 362 Pa. 592, 66 A.2d 828 (1949), it was unnecessary for the lower court to address the other elements once it found that the hostility element was lacking. However, since the court did not discuss the other elements,[2] we are unable to discern whether the lower court would have found that appellants had otherwise made out a prima facie case of adverse possession. Thus, we are constrained to remand the case so that the lower court may consider whether the appellants' evidence was sufficient to make out an adverse possession claim. If all the other elements have been established, the hostility element is implied. *Lyons v. Andrews, supra.*

2. Appellants contend that Judge Stefan found that they had fulfilled all of the requirements of adverse possession except the hostility element. Brief for Appellants at 11. Appellees argue, on the other hand, that Judge Stefan found that the other requirements of adverse possession had not been met. Brief for Appellees at 8–9. Our reading of Judge Stefan's recorded comments, however, indicates that he made no findings at all as to the existence or non-existence of the remaining elements of appellants' adverse possession claim.

Appellants' second issue concerns the question of whether the land in dispute and its boundaries were sufficiently identified. In stating its reasons for granting appellees' non suit, the lower court discussed whether the Schlagels could assert title by reason of the alleged oral agreement with Mr. Baumgart. The lower court stated:

> I just do not think in this case that Mr. Schlagel has shown enough that I could enforce this alleged oral agreement. I don't think there has been enough testimony or evidence to justify the drawing of a line as proposed on this survey of Mr. Meixner. The only testimony is that there was a stake put in thirty feet to the back, or ninety feet or so from the back, and one little slip of paper by the witness, which is a receipt, and only refers to an extension. But there is not sufficient that I would be happy in attempting to relocate the line so that he acquires a certain area.

Brief for Appellants at 26, Appendix "1."

It appears to us that the court meant that the oral agreement was insufficient in that the boundaries indicated in the agreement were too indefinite. It is not clear that the lower court would reach the same conclusion if it found all of the elements of adverse possession to exist. In fact, as to the adverse possession claim, appellees admit that "[t]he boundaries of the subject tract are not in dispute." Brief for Appellees at 10.

Reversed and remanded for proceedings not inconsistent with this opinion. Jurisdiction is relinquished.

WIEAND, J., filed a concurring and dissenting statement.

WIEAND, Judge, concurring and dissenting:

I agree with and join the majority's careful discussion regarding the requirement that adverse possession must be "hostile." Having reached this conclusion, however, I would hold that the compulsory nonsuit was improperly entered. Where, as here, the questions left undecided by the trial court are strictly matters of law, they should be

decided by the reviewing court rather than remanded for determination by the trial court. See: *Shepherd v. General Telephone & Electronics Corp.*, 411 Pa. 49, 54–55, 190 A.2d 895, 898 (1963). Since I conclude that appellants made out a prima facie case of adverse possession, I would reverse and remand for a new trial.