J-A13039-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PIAZZA REALTY COMPANY, INC., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MOSCARIELLO DEVELOPMENT, LLC, | : | |
| | : | |
| Appellant | : | No. 2710 EDA 2018 |

Appeal from the Judgment Entered July 11, 2018
in the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2015-08400

BEFORE:  SHOGAN, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED AUGUST 06, 2019**

Moscariello Development, LLC (Moscariello) appeals from the July 11, 2018 judgment entered against it and in favor of Piazza Realty Company, Inc. (Piazza), following a two-day trial.  The judgment quieted title based upon adverse possession.  We affirm.

The trial court provided the following background.

> The instant matter commenced on April 20, 2015, when Piazza filed [a] complaint in quiet title alleging claims for title by adverse possession and for prescriptive easement concerning real property located in Limerick Township, Montgomery County, Pennsylvania.

> Piazza is a Pennsylvania corporation which, in February 1980, acquired an equitable interest in 3387 Ridge Pike, Montgomery County Parcel No. 37-00-00838-00-7, using purchase money financing through the Montgomery County Industrial [Development] Authority [(MCIDA)].  Since that time, Piazza has owned, operated, maintained and used said property as an automobile dealership.

---

* Retired Senior Judge assigned to the Superior Court.

Moscariello is a Pennsylvania limited liability company[,] which acquired real property on the borderline of 3387 Ridge Pike on May 23, 2005. By that time, Piazza had control and possession of a certain "bump-out" on the mutual property line, being a trapezoidal[-]shaped property containing 1,236 square feet or 2.8% of an acre [].

The [bump-out] was used, paved, and graveled by Piazza. It is used as [a] turning radius for vehicles going into and out of garage bays facing Piazza's property and for parking. In early 2015, ten years after Moscariello acquired the property, counsel for Moscariello made certain demands for money and threats to close off the [bump-out]. As a result, Piazza commenced the underlying action to quiet title.

The trial court conducted a bench trial on May 29 and May 30, 2018. Following the trial, the trial court held the matter under advisement pending the receipt of written legal argument concerning the effect, if any, of Moscariello's failure to observe, or otherwise know, the parameters of the entire property in question at the time Moscariello acquire[d] title to same on … May 23, 2005.

Moscariello and Piazza submitted said written arguments on June 29, 2018. Then, on July 11, 2018, the trial court awarded quiet title of the bump-out to Piazza by virtue of adverse possession.

Trial Court Opinion, 1/8/2019, at 1-2, 4 (party designations and unnecessary capitalization altered; citations and some quotation marks omitted).

On July 21, 2018, Moscariello filed a post-trial motion for judgment notwithstanding the verdict (JNOV) or a new trial, which the trial court denied. This timely-filed appeal followed.[1] On appeal, Moscariello raises four issues, though they all encompass a single claim: the trial court erred in

---

[1] Both Moscariello and the trial court have complied with Pa.R.A.P. 1925.

denying JNOV[2] because Piazza failed to establish adverse possession of the bump-out.  Moscariello's Brief at 2-3.

We begin with our standard of review.  "We will reverse a trial court's grant or denial of [JNOV] only when we find an abuse of discretion or an error of law that controlled the outcome of the case."  **Corvin v. Tihansky**, 184 A.3d 986, 990 (Pa. Super. 2018).

> When examining the propriety of a trial court's decision to deny [JNOV], we must determine whether there is sufficient competent evidence to sustain the verdict.  We will review all of the evidence in the light most favorable to the verdict-winner and will give that party the benefit of every reasonable inference arising from that evidence while rejecting all unfavorable testimony and inferences. [JNOV] may be entered where: (1) the moving party is entitled to judgment as a matter of law and/or (2) the evidence is such that no two reasonable minds could disagree that the verdict should have been rendered for the moving party. Our scope of review is plenary concerning any questions of law. Regarding questions of credibility and the weight accorded the evidence at trial, however, we will not substitute our judgment for that of the fact-finder.  [JNOV] should be entered only in a clear case, and any doubts must be resolved in favor of the verdict winner.

**Murray v. Janssen Pharm., Inc.**, 180 A.3d 1235, 1241 (Pa. Super. 2018) (internal quotation marks omitted).

According to Moscariello, Piazza failed to establish adverse possession because (1) the time period for adverse possession had not run; (2) tacking was unavailable; (3) Piazza did not occupy or possess the bump-out; and (4) Piazza should not have been allowed to change unilaterally the legal

---

[2] On appeal, Appellant has abandoned his argument regarding his right to a new trial.

description and landmarks in its deed to deprive Moscariello of property. Moscariello's Brief at 2-3, 12, 14, 25.

> One who claims title by adverse possession must prove actual, continuous, exclusive, visible, notorious, distinct and hostile possession of the land for twenty-one years. Each of these elements must exist; otherwise, the possession will not confer title.
>
>> A sporadic use of land, by one without title to it, will not operate to give him a title, no matter how often repeated[.] It is true that residence is not necessary to make an adverse possession within the statute of limitation; the possession may be adverse by enclosing and cultivating the land; but nothing short of an actual possession, permanently continued, will take away from the owner the possession which the law attaches to the legal title; temporary acts on the land, without an intention to seat and occupy it for residence and cultivation or other permanent use consistent with the nature of the property, are not the actual possession required[.] Such occupation must be exclusive, and of such a character as compels the real owner to take notice of the possession of the disseisor[.]
>
> In other words, only acts signifying permanent occupation of the land and done continuously for a [21] year period will confer adverse possession. The burden of proving adverse possession rests upon the claimant by credible, clear and definitive proof.

*Johnson v. Tele-Media Co. of McKean Cty.*, 90 A.3d 736, 740-41 (Pa. Super. 2014) (citations and quotation marks omitted). "To establish visible and notorious possession, [claimants are] required to prove that their conduct was sufficient to place a reasonable person on notice that his land is being held by [claimants] as their own." *Brennan v. Manchester Crossings, Inc.*, 708 A.2d 815, 821 (Pa. Super. 1998) (citation omitted).

- 4 -

"While the word 'hostile' has been held not to mean ill will or hostility, it does imply the intent to hold title against the record title holder." **Flannery v. Stump**, 786 A.2d 255, 259 (Pa. Super. 2001), *quoting* **Tioga Coal Co. v. Supermarkets General Corp.**, 546 A.2d 1, 3 (Pa. 1988). "[H]ostility may be implied where all of the remaining elements of adverse possession have been established and where there is no evidence tending to prove or disprove hostility." **Id.** at 258, *citing* **Myers v. Beam**, 713 A.2d 61, 62 (Pa. 1998), *and* **Tioga**, 546 A.2d at 5. Thus, "[t]he element of hostility requires that the court examine not just the physical facts of possession but also the evidence, if any, probative of the intent with which the land in question was possessed." **Id.** at 259 (footnote omitted). "[P]ossession may be hostile even if the claimant knows of no other claim and falsely believes that he owned the land in question[.]" **Tioga**, 546 A.2d at 3, *citing* **Schlagel v. Lombardi**, 486 A.2d 491, 494 (Pa. Super. 1984).

In denying Moscariello's motion for JNOV, the trial court first found that Piazza was the legal owner of 3387 Ridge Pike. Trial Court Opinion, 7/11/2018, at ¶ 2. Further, the court found that Piazza and/or one of its business entities had been using the bump-out for parking and moving vehicles since 1984. **Id.** at ¶ 5. The court found Piazza's use to be

> actual, visible, notorious, exclusive and distinct, hostile and continuous for over [21] years. Specifically, the bump-out has been paved with asphalt; has cars parked on it; is used as a turnaround to enable cars to enter the adjacent building; since 1990 has housed a tractor-trailer, which is used for storage; and

was occupied in a hostile manner … as [Piazza] knew of no other claim and believed [Piazza] owned the land in question.

*Id.* at ¶ 6.

The trial court further found that Moscariello observed the asphalt bump-out when it purchased its property on May 23, 2005, but did not review the property lines or walk the property. *Id.* at ¶¶ 7-8. Had Moscariello done so and asserted an ownership interest at that time, the trial court calculated that such an objection would have interrupted the 21 years of continuous use of the bump-out by Piazza. *Id.* at ¶ 10. However, Moscariello did not assert such an ownership interest until 2014, when the zoning code was changed to allow Moscariello to develop a portion of the property, including the bump-out, into townhomes. *Id.* at ¶¶ 17-18. By 2014, the trial court calculated that Piazza "had been continuously, exclusively, and actually using the asphalt bump-out for [30] years for parking cars, transporting cars[,] and stationing a tractor-trailer for storage in a manner that was visible, notorious, distinct and hostile." *Id.* at ¶ 19. Accordingly, the trial court found that Piazza had established title to the bump-out by virtue of adverse possession. *Id.* at 2 (unnumbered).

Upon review of the record, we conclude that the trial court's findings are supported by the record and comprise "sufficient competent evidence" to sustain the grant to Piazza of title to the bump-out based upon adverse possession.

Piazza[3] purchased 3387 Ridge Pike on February 6, 1980 via a low-interest financing installment sales agreement with MCIDA. Until the mortgage was satisfied, MCIDA remained the owner of record, while Piazza was the equitable owner with the same rights as a normal property owner. Once the mortgage was satisfied, legal title reverted to Piazza in 1996. Thus, from February 6, 1980 to the present, Piazza owned 3387 Ridge Pike. N.T., 5/29/2018, at 16-17, 19, 42, 50, 52-54, 57.

Piazza, as a property owner, leased land to automobile dealerships operating under the Piazza Management Company umbrella. Specifically for 3387 Ridge Pike, Piazza had oral and written leases with Pottstown Auto Sales, Inc. (Piazza Honda) beginning in 1980, and with Pottstown Auto Enterprises (Piazza Hyundai) beginning in 2006. Currently, 3387 Ridge Pike houses the accounting departments for both Piazza Honda and Piazza Hyundai, storage for excess inventory for both Piazza Honda and Piazza Hyundai, and some service operations for Piazza Honda. *Id.* at 24, 30, 33-34, 43, 45-46, 70, 97, 103, 111; N.T., 5/30/2018, at 338-43, 345-46.

The bump-out at issue is visible from Ridge Pike. Beginning in at least August 1984, and continuing to the present, Piazza Honda has used the asphalt bump-out daily as a turnaround, as well as to park and clean cars.

---

[3] At the time of this purchase, Piazza operated under the name Piazza and McNamara Realty Company, Inc. Piazza changed its name to Piazza Realty Company, Inc. in February 1990. *See* N.T., 5/29/2018, at 53, 68-69; N.T., 5/30/2018, at 338-39; Articles of Amendment, 2/26/1990.

In 1990, a tractor-trailer was permanently parked on the bump-out to store parts. From 1984 until the present, the bump-out has been used in substantially the same manner on a daily basis by Piazza Honda. Piazza Hyundai joined this usage in 2006. Prior to 2014, Piazza assumed that it owned the bump-out, and possessed the bump-out with the intent to control it against the claim of all others. N.T., 5/29/2018, at 65-67, 70-73, 83, 89, 94, 98-99.

Moscariello purchased the bordering property on May 23, 2005, which included the bump-out. By that time, approximately 20 years and 9 months had passed since Piazza began using the bump-out. When Moscariello purchased his property, he did not walk the property line near the bump-out because he was not yet developing that portion of his property. It was not until 2014 that Americo Moscariello, Moscariello's president, personally became aware of the bump-out and Piazza's use thereof. *Id.* at 161, 177, 211, 226-29; 5/30/2018, at 256-57, 265.

As demonstrated at trial, Piazza's acts "signif[ied] permanent occupation of the land and [were] done continuously for a [21-]year period[.]" ***Johnson***, 90 A.3d at 741. Piazza has been the legal and equitable owner of 3387 Ridge Pike since 1980. As the property owner, Piazza has allowed Piazza Honda, a related company and the lessee of 3387 Ridge Pike, to possess and use the bump-out from at least August 1984

through August 2005,[4] a period of 21 years, in a manner that was actual, continuous, exclusive, visible, notorious, distinct, and hostile.[5]  Thus, tacking was unnecessary, and Piazza adversely possessed the bump-out as of August 2005.[6]  Accordingly, because there is sufficient competent evidence to sustain the grant of title for the bump-out to Piazza based on adverse possession, we conclude that the trial court did not err in denying Moscariello's JNOV motion.[7]

Judgment affirmed.

---

[4] Piazza Honda still uses the property in the same manner, and Piazza has allowed Piazza Hyundai to join in this usage in 2006.

[5] Piazza's mistaken belief that it owned the bump-out does not defeat the hostility requirement.  Piazza unequivocally asserted ownership rights of the bump-out adverse to all others for 21 years, and did not act with permission or exhibit a belief that someone else held superior title.  Thus, we conclude that the hostility element is satisfied.  **Contra Flannery**, 786 A.2d at 260 (concluding element of hostility not satisfied where evidence established claimant believed use of land was with permission as a tenant farmer); **Myers**, 713 A.2d at 62 (concluding that claimant's seeking a quitclaim deed for the disputed property from the rightful owners prior to the running of the statute of limitations for adverse possession defeated continuous hostility requirement).

[6] Moscariello's failure to notice that the bump-out was being used by someone else until 2014 is of no moment.  Piazza's use was clearly visible from Ridge Pike and sufficiently notorious to put Moscariello on notice.  Rather, Moscariello failed to investigate the property line until nine years after the purchase.  Thus, by the time Moscariello asserted an ownership claim in 2014, Piazza had already gained ownership by adverse possession.

[7] Once adverse possession was established, the surveyors' disagreement over the property line became irrelevant because the edge of the bump-out became the new property line between Piazza's property and Moscariello's property.  Thus, Moscariello's argument regarding the calculation of the property line is moot and we need not address it.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/6/19</u>