Collins, Appellant, *v.* Zediker.

Argued March 22, 1965. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Donald D. Doerr,* for appellant.

*Richard B. Kirkpatrick,* with him *Galbreath, Bra-
ham, Gregg, Kirkpatrick & Jaffe,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, April 20, 1965:

On the night of January 1, 1962, Mrs. Catharine
Collins, after having alighted from an automobile op-
erated by Gerald L. Crawford on Route 268 in Butler
County, started across that same roadway, 18 feet wide
at that point, from the west side to the east side. When
half way across, she was struck by an automobile be-
ing driven by Raymond Ralph Zediker in a northward-
ly direction. In the ensuing lawsuit, the jury returned
a verdict in favor of Mrs. Collins against Zediker in
the sum of $12,500. The trial court entered judgment
n.o.v., on the basis that Mrs. Collins was guilty of con-
tributory negligence as a matter of law. The plaintiff
appealed.

The trial judge indicated in his opinion that the
plaintiff had an unobstructed vision for a distance of
1300 feet, but the jury did not accept that the defend-

ant's lights were visible for a distance of 1300 feet. Gerald L. Crawford, who maintained a vigil as Mrs. Collins was negotiating the passage across the highway, testified that he saw the lights on the Zediker car at a distance of 50 feet from the point of impact.

The trial judge said "there is no evidence that plaintiff continued to look as she proceeded to cross the highway." There is no rule that demands a pedestrian look continuously in one direction. In fact, prudence would exclude that type of one-direction concentration. A pedestrian is subject to attack from four sides, not only one, and he must, therefore, as best as he can, distribute his wariness over all directions from which danger might reasonably be apprehended. It was important, as Mrs. Collins traversed the highway, that she note whether traffic might be bearing down on her from the north, as well as from the south. In addition, she had to observe the ground beneath her feet to avoid holes or pitfalls menacingly in her way.

She testified that she saw no lights. It could well be that when she looked southwardly, the defendant was so far away that the headlights of his automobile were not visible, there being a dip in the highway in this area. Then, as she was boxing the compass to ward off any vehicular or other potential assailants from the remaining sectors of the circumference enclosing her, the defendant could have covered the 50 feet intervening before his car reached her. That this was a section of the highway where motorists were required to exercise unusual caution is evidenced by the fact that, although it was suburban country, the speed limit here was 35 miles. The defendant was traveling from 40 to 45 miles per hour.

In any event, the facts and situation did not justify a conclusion that the pedestrian was guilty of contributory negligence as a matter of law. A somewhat similar situation presented itself in the case of *Enfield v.*

*Stout,* 400 Pa. 6, where this Court said: "James E. Stout testified that when he looked for approaching traffic on the through highway, he did not see any automobile lights thereon and that if there had been any he would have seen them. Donald Stout testified that, immediately before starting the truck into the intersection, he looked both ways and didn't see any lights of an approaching automobile. This is not as counsel contend negative testimony amounting to a mere scintilla as a matter of law. Such testimony is positive in character and substance and its strength, or probative weight, was for the jury. In determining whether testimony is negative or positive in nature, all of the attending circumstances must be considered, such as the opportunity of seeing, the occasion for looking, the alertness of the witness and whether all of the existing circumstances tended to show that if the thing in question had happened, the witness probably would have seen it."

In *Gordon v. Wismer,* 400 Pa. 492, we reversed judgment n.o.v., declaring: "In the instant case the wife plaintiff looked, but saw nothing and moved quickly toward the center. She was struck by a car moving not in the near lane, but in the far lane, and the evidence is not clear where she was, and hence a jury was needed to establish the conflicting and uncertain mise-en-scene."

We are satisfied that the court below erred in entering judgment n.o.v. The appellant has moved for a new trial on the ground that the verdict was inadequate and specifically requests that the new trial be limited to the question of damages. The fact situation does not justify that kind of an order.

Judgment reversed with a venire facias de novo.

Mr. Chief Justice BELL dissents on *Shuman v. Nolfi,* 399 Pa. 211, 214.

Mr. Justice EAGEN dissents.