451 A.2d 710

**Benjamin BARNEY, Appellant,**

v.

**Dan F. FORADAS and Allegheny Valley Transfer Company.**

Superior Court of Pennsylvania.

Argued April 15, 1980.

Filed Oct. 8, 1982.

406

Stanley W. Greenfield, Pittsburgh, for appellant.

Warren D. Ferry, Pittsburgh, for appellee.

Before PRICE, BROSKY and MONTGOMERY, JJ.

PRICE, Judge:

Appellant, Benjamin Barney, brought an action in trespass for personal injuries sustained when he was struck by appellees' pick-up truck.[1] Upon the completion of appellant's case on liability, the appellees' motion for a compulsory nonsuit was granted and the case dismissed. Thereafter the appellant presented a motion to remove the non-suit which was denied and this appeal followed.

At the trial, Mr. Barney testified that sometime after 1:30 p.m. on August 20, 1974 he exited a bus at the corner of Loretta Street and Murray Avenue. Murray Avenue is a four-lane public thoroughfare in the city of Pittsburgh which runs generally north and south, having two lanes for northbound and two lanes for southbound traffic. Murray Avenue intersects Loretta Street, a through street, at a right angle and the next intersection north of Loretta is Lilac Street, also a through street intersecting Murray Avenue at right angles. On the west side of Murray Avenue at Loretta Street is a Giant Eagle supermarket. On the east side of Murray at Loretta Street is a business establishment known as Lester's and to the north of and adjacent to Lester's is a bakery known as Lieberman's. The weather was clear and dry.

---

1. Counsel stipulated that it was the appellees' truck which collided with appellant and that the operator of the truck was acting within the scope of his authority with the corporate appellee.

After alighting from the bus, the plaintiff walked westward across Murray Avenue and then north to Lieberman's bakery. Having completed his purchases, he accompanied two children that were in the bakery to the eastern curb of Murray Avenue. After checking for traffic, he permitted them to cross over to the Giant Eagle. Once he saw that the children were safely across he began to make his own way across the street.

Mr. Barney testified that he looked both ways before stepping off the curb and that he observed no oncoming traffic from either direction. (N.T. 30). He estimated that he was approximately three quarters of a bus stop away from the nearest intersection of Murray and Lilac and that he could see clearly up to that intersection. (N.T. 30–32). A witness, Laurel O'Hare, testified that Mr. Barney was approximately three-fourths of the way across the street before he was hit.

Mr. Barney does not recall being struck by the vehicle. He also does not remember whether he continued to look for vehicles travelling on Murray as he crossed the street. (N.T. 31, 43). He did not observe the vehicle which struck him at any time. (N.T. 45). The witness, Mrs. O'Hare, who was watching Mr. Barney from the restricted view inside the bakery, also did not observe the truck prior to impact. (N.T. 57). Mr. Barney presented only himself and Mrs. O'Hare to establish the liability of the appellees.

A compulsory nonsuit may be entered only in a clear case where the facts and circumstances have as the only conclusion the absence of liability. *McKenzie v. Cost Bros. Inc.,* 487 Pa. 303, 409 A.2d 362 (1979). Where the plaintiff moves to take off a non-suit in a personal injury action, plaintiff must be given the benefit of every fact and every reasonable inference of fact arising from the evidence and all conflicts must be resolved in his favor. *Tolbert v.*

*Gillette,* 438 Pa. 63, 260 A.2d 463 (1970); *Deaver v. Miller,* 260 Pa.Superior Ct. 173, 393 A.2d 1209 (1978).[2]

■ In an action of trespass for personal injuries based on a negligence claim, the plaintiff in proving that defendant was negligent, must not show contributory negligence on his own part. In this case, the issue is whether plaintiff was contributorily negligent as established by his own evidence.[3]

■ Mr. Barney was crossing Murray Avenue at a point between intersections when he was hit. The mere fact that a plaintiff crosses between intersections is insufficient to prove contributory negligence. *Gregorich v. Pepsi-Cola M.B. Co., Inc.,* 230 Pa.Superior Ct. 144, 327 A.2d 171 (1974). However, a

> pedestrian crossing a highway within a business or residence district at any other point other than a crosswalk, shall yield the right of way to vehicles upon the highway. . . . A pedestrian who crosses a street between intersections is held to a higher degree of care than at street intersections, while the driver of a motor vehicle is held to a correspondingly lesser degree of care.

*Lavely v. Wolota,* 253 Pa.Superior Ct. 196, 200, 384 A.2d 1298, 1300–1301 (1978) quoting *Taylor v. Fardink,* 231 Pa.Superior Ct. 259, 264, 331 A.2d 797, 800 (1974).[4] A person having the right of way has the right to presume that others will comply with the duty to recognize it and yield to it. *Gaev v. Mandell,* 219 Pa.Superior Ct. 397, 281 A.2d 699 (1971). All pedestrians have duties to look prior to stepping onto the highway and to continue to look as they cross in

**2.** See also *Francioni v. Gibsonia Truck Corp.,* 472 Pa. 362, 372 A.2d 736 (1977); and *Lavely v. Wolota,* 253 Pa.Superior Ct. 196, 384 A.2d 1298 (1978).

**3.** The trial judge granted the nonsuit for two reasons: first that negligence was not established; and secondly that the plaintiff was contributorily negligent. We agree on both grounds, although the discussion of contributory negligence renders the discussion of negligence unnecessary, as at the time of the accident, contributory negligence was a complete bar to recovery.

**4.** See also *Brown v. Jones,* 404 Pa. 513, 172 A.2d 831 (1961); *Auel v. White,* 389 Pa. 208, 132 A.2d 350 (1957); *Gaev v. Mandell,* 219 Pa.Superior Ct. 397, 281 A.2d 699 (1971).

order to secure their safe passage. *Shuman v. Nolfi,* 399 Pa. 211, 214, 159 A.2d 716, 718 (1960); *Parker v. Jones,* 423 Pa. 15, 223 A.2d 229 (1966); *Deibold v. Sommerville,* 207 Pa.Superior Ct. 31, 215 A.2d 313, 315 (1965). A plaintiff-pedestrian's failure to meet this duty constitutes contributory negligence as a matter of law. *Shuman v. Nolfi,* 399 Pa. 211, 214, 159 A.2d 716, 718 (1960); *Sweigert v. Mazer,* 410 Pa. 71, 72, 188 A.2d 472, 473 (1963). Thus if the evidence showed that plaintiff failed to look as he crossed, the grant of the nonsuit was proper.

In this case, there was no evidence offered by Mr. Barney to support the inference that although he was keeping a proper look-out, the truck hit him nonetheless. For example if the truck had been speeding, or if there was a hill obstructing vision, or if the truck had suddenly pulled out into the street, an inference could be drawn that although Mr. Barney was observing properly, he had no chance to avoid being hit or to yield the right of way. From the present facts, there are but two possible conclusions: either Mr. Barney failed to look as he crossed; or he looked and carelessly failed to see the truck, which according to the evidence given should have been within his view.

In *Auel v. White,* 389 Pa. 208, 132 A.2d 350 (1957), the Pennsylvania Supreme Court used similar logic in upholding a compulsory nonsuit. The plaintiff in the *Auel* case was struck by a car while crossing a four-lane highway. He had crossed the two eastbound lanes and was struck in a westbound lane (as was Mr. Barney in the present case). No evidence was offered by either side concerning whether plaintiff looked while crossing. Nonetheless, the court stated that:

Since the undisputed testimony for plaintiff disclosed that he was struck just as he crossed the center line he must have, or at least should have seen defendant's vehicle approaching. There was nothing to show that plaintiff's view was obscured, and, therefore, he was bound to see that which must have been plainly visible at the time it became his duty to look. The inference is unavoidable

that if plaintiff had looked he could have averted the danger. No other reasonable conclusion can be drawn from the testimony presented in plaintiff's case. If he failed to look he was negligent and if he looked he must have seen defendant's moving vehicle and stepping in front of it or into it was equally negligent.

*Auel, supra,* 389 Pa. 208, 215, 132 A.2d 350, 354.

Appellant primarily relies on *Lavely v. Wolota,* 253 Pa.Superior Ct. 196, 384 A.2d 1298, (1978) and *Collins v. Zediker,* 417 Pa. 569, 208 A.2d 841 (1965) as support for his claims. In *Lavely,* we found that the question concerning plaintiff's contributory negligence was one of fact for the jury to determine. However, in that case unlike the present one, evidence was presented from which it could be inferred that plaintiff had met her duty of observation. The truck which hit the plaintiff had been stopped and the plaintiff had observed the driver looking directly in front of him. Also, another person had crossed safely in front of her while the truck remained stopped. Thus there was evidence of her attentiveness from which a jury could determine due care, whereas in this case, Mr. Barney offered no indication of continued observation or the sudden movement of a stopped truck. Mr. Barney's testimony was that he never saw the vehicle that struck him.

In *Collins v. Zediker,* 417 Pa. 569, 208 A.2d 841 (1965), there were also facts which indicated possible continued observation. In *Collins,* evidence was offered showing the fast speed of the vehicle and the fact that there was a dip in the road which could have prevented the plaintiff from seeing the truck at a point fifty feet from impact. Neither Mr. Barney's testimony nor the photographs indicate any obstruction of plaintiff's view, and in fact indicate the contrary, i.e. that plaintiff's view was an unobstructed one.[5]

5. As for appellant's contention that a pedestrian has no continuing duty to look in any one direction, it is a matter of common sense that one should look in the direction from which cars are coming, and that a failure to do so is an indication of contributory negligence.

411

■ Therefore in this case, there is no other possible inference but that Mr. Barney was contributorily negligent. Thus the non-suit was properly granted.

Judgment affirmed.