485 A.2d 1170

**Kathleen McCRERY, Appellant,**

**v.**

**John SCIOLI and Gene's Restaurant, Inc. and Sarah Capanna and Joseph Capanna.**

Superior Court of Pennsylvania.

Argued May 10, 1984.

Filed Dec. 12, 1984.

456

Peter S. Kretzu, Philadelphia, for appellant.

Edwin L. Scherlis, Philadelphia, for Gene's, appellee.

Allen H. Silverman, Philadelphia, for Capanna, appellees.

Before WICKERSHAM, WIEAND and HOFFMAN, JJ.

WICKERSHAM, Judge:

This is an appeal from the order of the Court of Common Pleas of Philadelphia County denying appellant McCrery's motion to take off a nonsuit.

On February 3, 1978 at approximately 11:00 p.m., appellant, Kathleen McCrery Bennett,[1] was seriously injured when the car in which she was a passenger hit a utility pole along Holme Avenue in Philadelphia. The driver of the car was appellant's good friend at the time, Sarah Capanna. Appellant was 17 years old and Ms. Capanna 18 years old at the time of the accident.

On February 1, 1980, appellant filed a complaint in trespass against John Scioli [sic][2] and Gene's Restaurant, Inc. In Count I, appellant charged negligence on the part of John Sciolla, in that he allegedly forced Ms. Capanna's car off the road and into the pole. In Count II, appellant charged negligence on the part of Gene's Restaurant, Inc., in that it served alcohol to a visibly intoxicated minor, Ms. Capanna, and as a consequence, shortly after leaving the bar, she was involved in the accident that left appellant with severe injuries. Thereafter, Gene's Restaurant, Inc. joined Sarah Capanna and Joseph Capanna, Sarah's father, as additional defendants. At some point before trial, John Sciolla was dismissed from the case.

Meanwhile, Gene's Restaurant, Inc. filed a timely answer to appellant's complaint, in which it declared that it was not

---

1. Appellant has married since initiation of this suit.

2. The actual name of the individual defendant is John Sciolla. By coincidence or otherwise, John Sciolla is the son of Anthony J. Sciolla, who was, at the time of the accident, president of both Gene's Restaurant Inc. and A.J. Sciolla, Gene's on the Boulevard, Inc., the two corporations involved in this case.

the proper defendant in the action since it did not operate the facility, a bar and restaurant, or possess a liquor license; and that the owner of the liquor license and operator of the bar-restaurant was a distinct corporation named A.J. Sciolla, Gene's on the Boulevard, Inc.[3] This information was also provided to appellant by way of answers to interrogatories addressed to Gene's Restaurant Inc., and by depositions taken of Anthony J. Sciolla and Anthony J. Sciolla, Jr., the president and vice president of both corporations.

Rather than seek to amend the complaint, appellant attempted to prove at trial in December 1982 that Gene's Restaurant, Inc. was vicariously liable for appellant's injuries because of its role as landlord of the premises. In addition, she entreated the trial judge to pierce the corporate veil and hold liable A.J. Sciolla, Gene's on the Boulevard, Inc., the unnamed and distinct corporate entity, based upon Gene's Restaurant, Inc.'s alleged misleading of appellant as to the identity of the proper defendant. These efforts proved to be unsuccessful. At the close of appellant's case, upon motion of Gene's Restaurant, Inc., the Honorable Harry A. Takiff entered a compulsory nonsuit in favor of Gene's Restaurant, Inc. (and therefore the Capannas) against appellant. On November 17, 1983, after argument, Judge Takiff entered an order refusing to remove the compulsory nonsuit. This appeal timely followed.

Appellant raises five issues on appeal:

I. Can plaintiff sue Gene's Restaurant, Inc. and recover on the basis that the defendant provided and permitted the consumption of alcoholic beverages by a minor and a visibly intoxicated minor even though defendant was not the liquor licensee of the premises but was the owner of the premises and whose president and vice president were actually stationed at the door and permitted the minor to

---

3. At the time of the incident, Gene's Restaurant Inc.'s only apparent role was as owner of the building in which A.J. Sciolla, Gene's on the Boulevard, Inc. operated the restaurant and bar.

460

enter the premises for the purpose of the consumption of liquor?

II. Did the trial judge err in not permitting answers to inquiries about the duties of the defendant as landlord of the premises?

III. Did the trial judge err in not disregarding the existence of separate corporate entities where the corporation sued was the former licensee; had the same officers; had a telephone listing; and whose name was Gene's Restaurant, Inc. and corporate purpose was the dispensing of food and beverages yet purported to be only a landlord?

IV. Did the trial judge err in denying plaintiff's motion for production of tax records and insurance policies of the defendant?

V. Was a non-suit proper in this case?

Brief for Appellant at 2–3.

Despite their apparent diversity, appellant's issues all relate to the granting of the compulsory nonsuit against her. Nevertheless, we will briefly address issues 2 and 4 separately.

Appellant argues that the trial court erred in not permitting answers to her inquires about the duties of Gene's Restaurant, Inc. as landlord of the premises. While questioning Anthony Sciolla, Sr. (who was president of both Gene's Restaurant, Inc. *and* A.J. Sciolla, Gene's on the Boulevard, Inc.), concerning the capacity in which he was present at the bar on the night in question, the following occurred:

Q. (Continued) Were you aware of any duty you had as a landlord of that particular property?

MR. SCHERLIS: Objection.

THE COURT: The objection is sustained.

Q. (Continued) As landlord of the property, did you have any power over the tenant in regard to the lease that you had with the tenant?

MR. SCHERLIS: Objection, Your Honor.

THE COURT: Objection is sustained. These call for legal conclusions. Unless you wish to qualify the witness, you are beginning to intrude on the Court's function.

MR. LUCARINI: I tried to ask him if he knew—The question here is duty. I'm asking him what he felt his duty was as a landlord.

THE COURT: That is a legal conclusion. You may ask him what he was doing there, and the balance is a matter for a legal conclusion to be drawn from this.

A. As landlord of this property—

THE COURT: He wasn't the landlord of this property—

MR. LUCARINI: As president of the landlord.

THE COURT: That is different.

MR. LUCARINI: Okay.

Q. (Continued) What was your function as president of the landlord of this property?

A. The function of the landlord, we leased the building to A.J. Sciolla, Gene's on the Boulevard, and once a month we collect the rent. That was the function, the whole thing.

Q. You had no further function to oversee?

A. There was no other function. There were no employees, nothing else.

Q. To oversee what happened on the premises?

A. There was nothing to see what happened over there.

Q. You were physically there, were you not?

A. Yes, I was.

Q. As president of the landlord did you not have a duty to see that the business was operated properly, lawfully?

MR. SCHERLIS: Objection, Your Honor.

THE COURT: Sustained.

(N.T., December 7, 1982, at 74–76).

■ Generally, the admission or exclusion of evidence is within the sound discretion of the trial court and will not be reversed on appeal absent a clear abuse of discretion. *Feld*

*v. Merriam,* 314 Pa.Super. 414, 461 A.2d 225 (1983). It is also well settled that admission of incompetent opinion evidence which goes to the legal conclusions to be drawn by the factfinder constitutes reversible error. *Taylor v. Fardink,* 231 Pa.Super. 259, 331 A.2d 797 (1974). The conclusion that a duty exists is clearly a conclusion of law to by drawn by the factfinder. Therefore, the lower court correctly sustained the objections to those questions of appellant which called for the legal conclusion that the landlord corporation, Gene's Restaurant, Inc., had a duty to see that the liquor licensee to whom it rented the building operated its business properly. Appellant was afforded ample opportunity to ascertain the duties of Gene's Restaurant, Inc. as the landlord of the premises. Appellant did ask the witness the function of the landlord corporation and this question was fully responded to by the witness without objection. If appellant desired more information, he could have properly reframed his questions. The questions as asked, however, called for legal conclusions on the part of the witness and the trial court did not abuse its discretion in refusing to allow them.

Appellant also claims error in the denial of his motion for production of the tax records and insurance policies of Gene's Restaurant, Inc. Approximately one month before trial, appellant filed a motion requesting an order requiring Anthony Sciolla, Sr. to appear for additional depositions and to produce tax and insurance records. This motion was denied.

The power of the trial court to enter an order to compel discovery is to be exercised at the court's discretion. Pa.R.C.P. 4019. Appellant alleged in her motion that Anthony Sciolla, Sr. failed to appear for a deposition scheduled for October 22, 1982, with the requested tax and insurance information. Gene's Restaurant, Inc. filed an answer to the motion and stated that no deposition was properly scheduled, or subpoena served. The answer further stated that both Anthony Sciolla, Sr. and Anthony Sciolla, Jr. had already been deposed, and that all the relevant information

requested had been furnished in answers to interrogatories, in its response to appellant's request for production of documents, and in the depositions of the Sciollas. We find no abuse of discretion in the trial court's denial of the motion to produce the documents.

Furthermore, when Anthony Sciolla, Sr., testified at trial, he brought with him all the relevant tax and employee information requested by appellant. The record shows that the following transpired:

BY MR. LUCARINI:

Q. Did you receive a subpoena from me, sir?

A. Yes.

Q. Did you bring with you the tax records of that corporation?

A. Of who? Which one? A.J. Sciolla, Gene's on the Boulevard?

Q. Yes.

A. Yes.

Q. In regard to the W–2 forms for the two bartenders that you mentioned—

A. Yes.

Q. —do you have them with you?

A. We have the tax returns. We have the Workmen's Compensation and Social Security forms.

Q. For?

A. The employees.

Q. Dave Phillips and John Ambler?

A. That is correct.

THE COURT: Do you wish them produced at this time?

MR. LUCARINI: I just wanted to know whether he had them, Your Honor.

(N.T., December 7, 1982 at 66–67). Appellant's contention that had she been able to examine these corporate books and records, she could have presented sufficient evidence to pierce the corporate veil, is weakened by the fact that these very records were present in the courtroom and at no time

did she request that the records be produced so she could examine them.

Appellant finally questions whether a compulsory nonsuit was proper. Related to this question is whether the trial court should have pierced the corporate veil of Gene's Restaurant, Inc., and/or whether Gene's Restaurant, Inc. itself was liable for appellant's injuries due to its position as owner of the premises.

> In reviewing the propriety of a compulsory nonsuit, this Court will view the evidence in a light most favorable to the plaintiffs and give them the benefit of every reasonable inference arising therefrom. *Francioni v. Gibsonia Truck Corp.*, 472 Pa. 362, 371, 372 A.2d 736, 740 (1977); *Barney v. Foradas*, 305 Pa.Super. 404, 407, 451 A.2d 710, 712 (1982); *Adams v. Euliano*, 299 Pa.Super. 348, 349–350, 445 A.2d 788, 789 (1982). A nonsuit can only be entered in a clear case. *Barney v. Foradas, supra*; *Adams v. Euliano, supra*; *Peair v. Home Association of Enola Legion No. 751*, 287 Pa.Super. 400, 403–404, 430 A.2d 665, 666–667 (1981).

*Brouse v. Hauck*, 330 Pa.Super. 58, 60, 478 A.2d 1348, 1350 (1984).

■ Based upon our review of the record and after drawing all reasonable inferences from the evidence therein, we agree with the lower court that no viable case of liability can be made out against the named defendant, Gene's Restaurant, Inc., which was merely the corporate owner of the real estate. There is no legal basis upon which Gene's Restaurant, Inc. could be found liable under the Pennsylvania Liquor Code or under any other theory.

As the lower court noted, Gene's Restaurant, Inc. did not possess a liquor license, dispense alcoholic beverages, or employ any persons who dispensed liquor, and therefore cannot be liable for the dispensing of alcohol to Sarah Capanna, or any injuries to appellant resulting therefrom. Appellant sued a corporation that was incapable of the acts upon which its alleged liability was predicated. Even though a defendant is under no duty to inform the plaintiff

whom he should sue, *see Taylor v. Humble Oil and Refining Co.*, 225 Pa.Super. 177, 311 A.2d 324 (1973), prompt and frequent disclosure was made by Gene's Restaurant, Inc..of the name of the proper party against whom liability might lie in this case.

Nor was there any reason for the court to pierce the corporate veil. A bonafide Pennsylvania corporation is a distinct legal entity; this includes a corporation that is a licensee under the Pennsylvania Liquor Code. *Commonwealth v. Price Bar, Inc.*, 203 Pa.Super. 481, 201 A.2d 221 (1964).

> It is a well settled rule in Pennsylvania that a court will only disregard the existence of separate corporate entities in order to prevent fraud, illegality, or injustice, or when the recognition of the corporate entity would defeat public policy or shield someone from liability for a crime. *Zubik v. Zubik*, 384 F.2d 267, (3d Cir.1967), *cert. denied*, 390 U.S. 988 [88 S.Ct. 1183, 19 L.Ed.2d 1291] (1968); *Sams v. Redevelopment Authority of City of New Kensington*, 431 Pa. 240, 244 A.2d 779 (1968). Ordinarily, separate corporations retain their distinct identities notwithstanding the fact that they may have common stockholders, directors, and officers. *Shelburne Sportswear, Inc. v. City of Philadelphia*, 422 Pa. 199, 220 A.2d 798 (1966). In the absence of the requisite allegations of fraud, illegality or injustice, or proof thereof, we can discern no basis for piercing the corporate veil.

Lower ct. op. at 4, n. 2. The sole purpose of Gene's Restaurant, Inc. was the ownership of the real estate in which A.J. Sciolla, Gene's on the Boulevard, Inc. conducted its restaurant-bar business, and the collection of rent from that corporation for occupying the premises. That both corporations had common officers and the same mailing address is irrelevant. The evidence clearly showed that the employees of the restaurant-bar worked for and were paid by A.J. Sciolla, Gene's on the Boulevard, Inc. Anthony Sciolla, Sr. and Anthony Sciolla, Jr. were present at the bar on February 3, 1978 in their capacities as employees of A.J.

Sciolla, Gene's on the Boulevard, Inc. only. Gene's Restaurant, Inc. and Gene's on the Boulevard were listed separately and had separate phone numbers in the telephone book. We find no representation to the public that Gene's Restaurant, Inc. was operating the bar.

Similarly, there was no error in refusing to hold Gene's Restaurant, Inc., liable for appellant's injuries due to its status as landlord of A.J. Sciolla, Gene's on the Boulevard, Inc. Appellant's theory of liability at trial was based upon Section 4–493(1) of the Pennsylvania Liquor Code, 47 P.S. § 4–493(1), which states that it shall be unlawful for

> any licensee or the board, or any employe, servant or agent of such licensee or of the board, or any other person, to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given, to any person visibly intoxicated, ... or to any minor, ....

The testimony at trial clearly showed that Gene's Restaurant, Inc., had no employees and was not involved in the sale or distribution of liquor. However, appellant argues that Gene's Restaurant, Inc. is liable as "any other person," and cites as support the recent decision in *Congini v. Portersville Valve Co.*, 504 Pa. 157, 470 A.2d 515 (1983).

In *Manning v. Andy*, 454 Pa. 237, 310 A.2d 75 (1973), the Pennsylvania Supreme Court held that civil liability cannot be imposed on unlicensed persons who furnish alcohol for no remuneration. The Liquor Code has no impact or effect on the owner of the building in which the liquor licensee does business; nor is the owner mentioned in the possible categories of "other persons." *See* 47 P.S. § 4–493. Ten years later, the same court held in *Congini, supra*, that a social host is negligent *per se* in serving alcohol to the point of intoxication to a minor and can be held liable for injuries proximately caused by the minor's intoxication. However, *Congini* was brought under two sections of the Pennsylvania Crimes Code rather than the Liquor Code; the *Congini* court acknowledged this difference and stated that it was not departing from the holding in *Manning*. *Id.* 504 Pa. at

163, n. 3, 470 A.2d at 518, n. 3. *See also Douglas v. Schwenk,* 330 Pa.Super. 392, 479 A.2d 608 (1984). The court in *Congini* had before it a completely different set of facts and theory of liability than those in the instant case.

██ In her appellate brief, appellant attempts to raise for the first time Sections 306 and 6308 of the Pennsylvania Crimes Code as bases for liability of Gene's Restaurant, Inc. It is well settled that a different theory of relief cannot be successfully advanced for the first time on appeal. *Morgan v. Sbarbaro,* 307 Pa.Super. 308, 453 A.2d 598 (1982); *In re S.C.,* 280 Pa.Super. 539, 421 A.2d 853 (1980); *Canter v. Canter,* 238 Pa.Super. 347, 357 A.2d 659 (1976).[4]

We hold that the lower court did not err in refusing to remove the compulsory nonsuit in favor of Gene's Restaurant, Inc., the named defendant. Order is affirmed.

---

4. Furthermore, we note that *Congini, supra,* examined an argument similar to the one appellant raises herein, that defendants breached a duty as a landowner to the plaintiff, and found that a possessor of land is not liable to a licensee (the minor) in the absence of willful and wanton injury. As in *Congini,* such willful and wanton injury was not pleaded by appellant herein.