IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronit Chaudhuri,                           :
        Appellant                      :
                              :   No. 1467 C.D. 2015
        v.                             :
                              :   Argued: December 7, 2015
Capital Area Transit, and                  :
Cumberland-Dauphin-Harrisburg              :
Transit Authority, and Maria Matias        :


BEFORE:   HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION BY
JUDGE McCULLOUGH                              FILED: January 7, 2016


Ronit Chaudhuri (Plaintiff) appeals from the April 28, 2015 judgment entered following the denial of his post-trial motions by the Court of Common Pleas of Dauphin County (trial court). Plaintiff contends that the trial court committed reversible error in instructing the jury. For the reasons that follow, we affirm.


**Background**

The trial court set forth the background of this case as follows:

On July 13, 2011, Plaintiff initiated this action by the filing of a complaint in negligence against Defendants for injuries he sustained in a motor vehicle/pedestrian accident. The accident occurred on August 19, 2010. Plaintiff was a passenger on a northbound public transit bus owned by Defendants Capital Area Transit ("CAT") and Cumberland-Dauphin-Harrisburg Transit Authority ("Transit

Authority"). The bus stopped just south of the intersection of North Third Street and Riley Street in the middle of the block at one of its designated bus stops in Harrisburg. Plaintiff exited the bus and attempted to cross North Third Street behind the bus which he had just exited.

At the same time, a second bus owned by Defendants CAT and Transit Authority and operated by Defendant Maria Matias was travelling southbound on North Third Street. The side view mirror of the southbound bus struck Plaintiff in the face as he was crossing the street in the middle of the block and knocked him unconscious to the ground. Plaintiff suffered a number of injuries to his face, wrist and forearm. Plaintiff sued Defendants to recover damages caused by the accident.

A jury trial was held from September 15 through September 19, 2014, which [the court] presided over. The jury returned a verdict finding Plaintiff seventy-five percent (75%) negligent and Defendant Maria Matias twenty-five percent (25%) negligent.

On September 26, 2014, Plaintiff filed a timely Motion for Post-Trial Relief arguing that the jury verdict in favor of Defendants was due to [the court's] errors in (1) instructing the jury regarding the law on pedestrians; (2) instructing the jury regarding credibility of witnesses; and (3) allowing Defendants' accident reconstruction expert, Matthew Daecher, to testify beyond the scope of his report.

(Trial court op. at 1-2.)

On December 29, 2014, the trial court denied Plaintiff's post-trial motions for a new trial. On April 28, 2015, Plaintiff filed a praecipe to enter judgment in favor of Defendants.[1]

---

[1]Under our comparative fault scheme, if a plaintiff's percentage of contributory negligence is greater than a defendant's percentage of negligence, the plaintiff cannot recover damages from the defendant. *See* Section 7102(a) of the Judicial Code, 42 Pa.C.S. §7102(a).

**Discussion**

On appeal to this Court,[2] Plaintiff renews two of the challenges that he raised in his post-trial motions pertaining to the trial court's instructions to the jury.

Initially, we note that a trial court has wide discretion in phrasing jury instructions. *Gaylord ex rel. Gaylord v. Morris Township Fire Department*, 853 A.2d 1112, 1115 (Pa. Cmwlth. 2004).

> It is clearly the law of this Commonwealth that when reviewing a trial judge's charge to the jury it must be viewed as a whole. A reviewing court will seldom reverse the judgment of a jury based on error in a charge unless that error is one which provided incorrect or misleading statements as to a material fact.
>
> [J]ury instructions must be upheld if they adequately and accurately reflect the law and are sufficient to guide the jury in its deliberations . . . . Unless the charge as a whole can be demonstrated to have caused prejudicial error, there will not be a reversal for isolated inaccuracy. A charge should be found adequate unless the issues are not made clear to the jury; the jury is confused by what the judge said or there is a statement in a charge that amounts to a fundamental error.

*Clack v. Department of Transportation*, 710 A.2d 148, 152-53 (Pa. Cmwlth. 1998) (citations omitted). *See Commonwealth v. Williams*, 732 A.2d 1167, 1187 (Pa. 1999); *Dietrich v. JI Case Co.*, 568 A.2d 1272, 1276 (Pa. Super. 1980).

---

[2] Our scope of review of the denial of post-trial motions is limited to determining whether the trial court abused its discretion or committed an error of law. *Hunter v. City of Philadelphia*, 80 A.3d 533, 536 n.7 (Pa. Cmwlth. 2013).

## Instruction regarding a pedestrian's legal duty

Plaintiff first argues that the trial court erred in explaining to the jury negligence law as it pertains to pedestrians crossing a street outside of a designated crosswalk.

Here, at the charging conference, Plaintiff and Defendants jointly submitted that sections 3301(a)(2), 3361, and 3543(a) of the Motor Vehicle Code, 75 Pa.C.S. §§3301(a)(2), 3361, and 3543(a), would be relevant to the issue of negligence *per se* and that the jury should be instructed on these provisions. (Plaintiff's brief at 7.)

Section 3301(a)(2) of the Motor Vehicle Code provides: "Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway except as follows . . . [w]hen an obstruction exists making it necessary to drive to the left of the center of the roadway, provided the driver yields the right-of-way to all vehicles traveling in the proper direction upon the unobstructed portion of the roadway within such distance as to constitute a hazard." 75 Pa.C.S. §3301(a)(2).

Section 3361 of the Motor Vehicle Code reads:

> No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions.

75 Pa.C.S. §3361.

Section 3543(a) of the Motor Vehicle Code, entitled "Pedestrians crossing at other than crosswalks," states: "(a) General rule. – Every pedestrian crossing a roadway at any point other than within a crosswalk at an intersection or any marked crosswalk shall yield the right-of-way to all vehicles upon the roadway." 75 Pa.C.S. §3543(a).

The first two statutory provisos relate to the obligations of a driver, while the third, 75 Pa.C.S. §3543, refers to the obligation of a pedestrian who crosses a street outside a crosswalk. Plaintiff contends that the trial court's charge with respect to a pedestrian's duty was in error.

In the opening portion of the trial court's charge to the jury, the trial court explained that the outcome of the case will depend on which version of the accident the jury chooses to find occurred, given the conflicting testimony and accounts of what happened. (*See* Reproduced Record (R.R.) at 95a-101a.) The trial court informed the jury that, in light of the evidence adduced in the case, "credibility will probably be the most important thing that you really have to grapple with." (R.R. at 99a.)

After describing to the jury the concepts of negligence under a reasonable person standard and negligence *per se* based upon a violation of a statute, the trial court instructed the jury on sections 3301(a)(2) and 3361 of the Motor Vehicle Code, explaining that a driver has a general duty to remain on the right-half of the roadway and to maintain a speed that is reasonable given the conditions of the roadway. The trial court informed the jury that it must determine whether there were obstacles on the road and whether an obstacle was a basis for Defendants' bus moving into the right lane, if, in fact, it did cross over into the right lane. The trial court further informed the jury that it must determine the conditions of the roadway

5

as they existed at the time of the accident and to decide whether Defendants' bus was moving at a safe speed. (R.R. at 106a-11a.)

The trial court then instructed the jury as follows:

The third [statutory] provision [75 Pa.C.S. §3543(a)] is any pedestrian crossing a roadway at any point other than within a crosswalk – again, it is not at issue, this was not a crosswalk. This would be a place other than a crosswalk – shall yield the right of way to all vehicles on the roadway.

You have seen the crosswalk areas with signs. **There is clearly a preference to have pedestrians to cross at the crosswalk, because they are clearly marked and everybody at those intersections is aware they must yield to pedestrians in the crosswalk.** When you are outside of that, then there are certain risks that go.

Again, you are the judges of the circumstances and risks and what a reasonably careful and prudent person would do under the circumstances.

Those are the three statutes. If you find that one of the parties violated one of those respective provisions, then you shall find that they [sic] are negligent. If they are violated, then it is negligence. If it's not violated because of the way it is worded or the way you find the facts, then it doesn't bind you. Then negligence is a separate determination [and] you go back to that original definition of what a reasonable, careful and prudent person would do under those circumstances.

(R.R. at 111a-12a) (emphasis added).

At the conclusion of the charge, Plaintiff's counsel objected to the trial court's comments, and the trial court stated that its comments were consistent with case law submitted by Defendants. (R.R. at 125a-26a.)

During deliberations, the jury submitted a request, "Can we please receive the statutory law in play for this case." (R.R. at 132a.) The trial court

6

decided to read the three statutes to the jury, (R.R. at 132a-36a), without objection from Plaintiff, and told the jury that these "are the three statutory provisions that apply or potentially apply to the fact situation at hand." (R.R. at 136a.) On two occasions, the trial court recited section 3543(a) of the Motor Vehicle Code verbatim: "Any pedestrian crossing a roadway at any point other than within a crosswalk at an intersection or any marked crosswalk shall yield the right-of-way to all vehicles upon the roadway." (R.R. at 136a.)

Plaintiff contends that the above-highlighted portion of the instruction "effectively directed the jury to find [Plaintiff] negligent for crossing in the middle of the block" or "to find that [he] failed to exercise the requisite care by choosing to cross in the middle of the block." (Plaintiff's brief at 8-9.) We disagree.

We first observe that the trial court's remark regarding the "preference" that a pedestrian cross at a crosswalk, and a pedestrian's duty to yield when crossing outside of a crosswalk, finds strong support in the case law. In *Bressler v. Dannon Yogurt*, 573 A.2d 562 (Pa. Super. 1990) (*en banc*), the Superior Court reiterated: "It is well established that where a pedestrian traverses a street at other than a regular crossing he is bound to exercise a higher degree of care for his own safety than would be the case were he crossing at an intersection. The reason for the rule is apparent for he is crossing at a place where vehicular traffic could not be expected to anticipate a pedestrian." *Id.* at 567 (citations omitted). Similarly, in *Barney v. Foradas*, 451 A.2d 710 (Pa. Super. 1982), the Superior Court explained: "[A] pedestrian crossing a highway within a business or residence district at any other point other than a crosswalk, shall yield the right of way to vehicles upon the highway. . . . A person having the right of way has the right to presume that others will comply with the duty

7

to recognize it and yield to it." *Id.* at 712 (citations omitted). Therefore, the trial court's statements are consistent with the principles espoused in *Bressler* and *Barney*.

Perhaps more importantly, when the charge is considered as a whole, the trial court's objected-to statement is merely a passing comment that was immediately succeeded with qualifying statements. For example, the trial court sufficiently and explicitly explained that it is the jury's duty (as "the judges of the circumstances") to determine whether Plaintiff violated the statute and/or exercised due care when crossing the street. When the jury sought reinstruction during deliberations, the trial court read the jury the three statutes, including section 3543(a) of the Motor Vehicle Code twice verbatim, and informed the jury again that the applicability of the statutes depends upon its determination of the facts. In Pennsylvania, "the law presumes that the jury will follow the instructions of the court." *Commonwealth v. Brown*, 786 A.2d 961, 971 (Pa. 2001).

Notably, the trial court never suggested that Plaintiff violated the statute or recommended that the jury must find that the Plaintiff was contributorily negligent based upon the fact that he did not cross at a crosswalk. Instead, the trial court simply highlighted that when an individual crosses the road at a place other than a crosswalk, the individual has to yield the right of way to oncoming vehicles and has to exercise due care in crossing the street. These instructions are in accordance with and accurately reflect the law. Therefore, viewing the charge in its entire context, we conclude that the trial court's instructions did not tend to mislead the jury or recommend that the jury find Plaintiff contributorily negligent.

8

## Instruction regarding witness credibility

Next, Plaintiff argues that the trial court erred in evaluating and commenting upon the testimony of a witness, Timothy Hammaker, the investigating police officer. Officer Hammaker prepared a police report, which, due to the officer's lack of independent recollection, was read into the record at trial. Plaintiff contends that the trial court's comments usurped the role of the jury and "essentially instructed [it] to discount [the officer's] testimony due to lack of recall and other factors." (Plaintiff's brief at 10.)

Here, after describing to the jury its role as fact finder and obligation to assess the credibility of the witnesses, (R.R. at 98a-101a), the trial court commented:

> I was kind of struck by the police officer who had not really a real recollection of the events, but relied upon his police report to refresh his recollection or to state what occurs. Again, that doesn't make him a bad police officer. It means he is somebody that had a lot of cases over a long period of time and honestly answered the question that he didn't have a current recollection, but that he believed the stuff that he put in his report was accurate.
>
> Again, common sense. That's why we take notes. They are there to assist us where we can. If not, you have to rely on the notes and hope you were accurate at the time.
>
> Again, you will be the judge of those facts. How we put those things down, it is tough because he was not able to say that he had a current recollection. So you have to judge what he had in the police report based upon, again, your common sense, whether it fits in and the understanding that – I don't think he was a traffic officer, but a patrol officer.
>
> I don't begin to understand the different roles, but I use that as an example because, clearly, he was a neutral party that shows up and even he did not have a clear recollection of the events from years before.

9

So those are factors for you to consider.

(R.R. at 101a-02a.)

At the conclusion of the charge, Plaintiff's counsel objected to the trial court's comments regarding Officer Hammaker's inability to testify from present recollection and reliance on statements that he wrote in the police report. (R.R. at 124a-25a.) Defendants' counsel also objected to the trial court's comments, asserting that they had a tendency to bolster Officer Hammaker's credibility because he read from a police report. (R.R. at 125a-26a.)

In response, the trial court stated that it "will reiterate, before sending the jury out, that it is their recollections of the facts that will control," (R.R. at 126a), and counsel for both parties voiced no further objections. The trial court then offered a cautionary, or ostensibly curative, instruction:

> Ladies and gentlemen of the jury, in the event the Court made reference to any witnesses or facts and used it for illustrative purposes, keep in mind that your recollection of the witnesses, your evaluation of their credibility is solely yours. The Court was not expressing any opinion one way or the other as to how you should view it. It was an attempt by the Court to try to show the process by which facts are applied to the law, so please don't draw anything from that.

(R.R. at 127a.) Plaintiff's counsel did not make an objection or exception to this supplemental charge.

Upon our reading of the trial court's comments concerning Officer Hammaker, these comments, if anything, were more beneficial to Plaintiff than Defendants because they basically justified the officer's lack of recollection and reliance on the police report as an evidentiary matter. *See* R.R. at 101a (stating that the officer's reliance on the report "doesn't make him a bad police officer. It means he is somebody that had a lot of cases over a long period of time and honestly

10

answered the question that he didn't have a current recollection, but that he believed the stuff that he put in his report was accurate."); *Commonwealth v. Proctor*, 385 A.2d 383, 385 (Pa. Super. 1978) (discussing the procedure to refresh a witness's recollection). In addition, the trial court, immediately after issuing its comments, was insistent that it was the jury's responsibility (as "the judge of those facts") to determine the probative value of the statements in the police report. Given these circumstances, we cannot reasonably draw the inference that the trial court suggested that Officer Hammaker's testimony relaying the police report was not credible. Nor can we conclude that Plaintiff suffered discernable prejudice as a result of the trial court's remarks. *See Spearing v. Starcher*, 532 A.2d 36, 40 (Pa. Super. 1987) ("To constitute reversible error, a jury instruction must be shown not only to have been erroneous but also harmful to the party complaining.").

Moreover, after Plaintiff's objection, the trial court issued an immediate cautionary instruction to correct any possible, perceived prejudice to Plaintiff. In this instruction, the trial court clearly reaffirmed that it was not expressing any opinion on the credibility of the witnesses and that it is the jury's sole prerogative to determine credibility. *See Harsh v. Petroll*, 840 A.2d 404, 432 (Pa. Cmwlth. 2004) (explaining how a cautionary instruction cures unfair prejudice to a party); *see also Mount Olivet Tabernacle Church v. Edwin L. Wiegand Division*, 781 A.2d 1263, 1275 (Pa. Super. 2001). Plaintiff did not object to this supplemental instruction, seek a further instruction, or request a mistrial. Consequently, the law presumes that Plaintiff was satisfied with the trial court's cautionary instruction and cannot now complain on appeal that the supplemental instruction was inadequate to cure the prejudice, if any, that he may have suffered from the trial court's prior remarks. *See DiSerafino v. Bucyrus-Erie Corporation*, 470 A.2d 574, 577 n.2 (Pa. Super. 1983) ("[T]he fact is

11

appellant did take specific exception to the original instruction; he then failed to renew his objection after the recharge was given. By his conduct, appellant indicated to the court that he was satisfied with the recharge. . . . This failure to specifically object to the recharge waives appellate review of this allegation of error."); *accord Mount Olivet Tabernacle Church*, 781 A.2d at 1275 n.12. Here, too, by his conduct Plaintiff indicated that he was satisfied with the trial court's recharge. Therefore, on this record, we conclude that the trial court did not commit reversible error in charging the jury on witness credibility.

## Conclusion

We conclude that Plaintiff's allegations of error lack merit because the trial court did not err in charging the jury, it corrected any potential for prejudice in its cautionary instruction, and Plaintiff waived any objection to the trial court's recharge. Hence, we find that there is no basis upon which to disturb the jury's verdict and judgment entered in favor of Defendants.

Accordingly, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronit Chaudhuri,                    :
              Appellant          :
                                          :
                                          :   No. 1467 C.D. 2015
            v.                   :
                                            :
Capital Area Transit, and           :
Cumberland-Dauphin-Harrisburg       :
Transit Authority, and Maria Matias :

## _ORDER_

      AND NOW, this 7th day of January, 2016, the April 28, 2015 judgment entered against Ronit Chaudhuri in the Court of Common Pleas of Dauphin County is affirmed.


                                           _____
                                         PATRICIA A. McCULLOUGH, Judge